**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1999 SESSION**

FILED

August 27, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **EDWARD THOMAS KENDRICKS, III,** | ) | |
| **alias** | ) | **C.C.A. NO. 03C01-9806-CR-00205** |
| **EDWARD THOMAS KENDRICK, III,** | ) | |
| | ) | |
| Appellant, | ) | **HAMILTON COUNTY** |
| | ) | |
| VS. | ) | |
| | ) | **HON. STEPHEN M. BEVIL,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**EDWARD T. KENDRICKS, III**          **PAUL G. SUMMERS**
P.O. Box 2000                         Attorney General & Reporter
Wartburg, TN 37887
        (Pro Se)                      **GEORGIA BLYTHE FELNER**
                                      Asst. Attorney General
                                      John Sevier Bldg.
                                      425 Fifth Ave., North
                                      Nashville, TN  37243-0493

                                      **WILLIAM H. COX, III**
                                      District Attorney General

OPINION FILED:_____

**AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

A jury convicted the petitioner of the first-degree murder of his wife, which this Court affirmed. State v. Edward Thomas Kendricks, III, No. 03C01-9510-CR-00336, Hamilton County (Tenn. Crim. App. filed September 25, 1996, at Knoxville). In April 1998, the petitioner timely filed a petition for post-conviction relief. By written order, the post-conviction court dismissed the petition without a hearing, finding the issues raised were either waived or previously determined. One week later, the petitioner filed an amended petition for post-conviction relief. The post-conviction court dismissed the amended petition for post-conviction relief as being untimely filed. On appeal, the petitioner argues various reasons why the post-conviction court erred in dismissing his petition without first allowing him to amend it with the aid of counsel. Finding some merit to the petitioner's arguments, we reverse the post-conviction court's order in part and remand for further proceedings.

The petitioner contends that the post-conviction court's written order illustrates that the court erred in dismissing his petition without allowing for an amendment. In the order dismissing the original petition, the post-conviction court acknowledged that the petitioner attached to and incorporated in his petition a document titled "memorandum of law," stating that the memorandum "in substance appears to be more of a general recitation of his allegations rather than a Memorandum of Law." A review of the "memorandum of law" reveals that it is in fact more of a detailed recitation of the underlying facts and allegations, as required by the Post-Conviction Procedure Act, rather than a memorandum of law containing legal argument and citation. We fail to understand how the trial court's characterization of the "memorandum of law" illustrates error in dismissing the petition.

The petitioner also claims that the post-conviction court erred in dismissing

2

his amended petition as untimely filed. The petitioner refers to a document in the record entitled "Motion for Extension of Time to File Amended Petition" and claims that if his motion had been granted, then his amended petition, which was filed one week after the court's dismissal of his original petition, would have been timely filed. Although the petitioner appears to assume he was entitled to an extension of time to file an amended petition simply by filing a motion for extension of time, the record does not contain an order disposing of his motion, thus indicating that he waived his request for an extension by failing to secure a ruling on his motion. See Nashville Chattanooga & St. Louis Ry. v. Hayes, 117 Tenn. 680, 99 S.W. 362, 366 (1907)(it is the movant's duty to ensure a ruling). Without an extension of time, the post-conviction court was within its authority to rule upon the petitioner's original petition. See T.C.A. § 40-30-206. When the court dismissed the original petition, the petitioner's remedy was to appeal the dismissal, not file an amended petition. Because the petitioner's attempt to amend his petition followed the post-conviction court's dismissal of his original petition, the post-conviction court properly dismissed the petitioner's amended petition as untimely.

The petitioner also complains that the trial court dismissed the merits of his original petition without a hearing. In his original petition and attached "memorandum of law," the petitioner alleged various instances of trial court errors and prosecutorial misconduct. The petitioner alleged ineffective assistance of trial counsel for various omissions and errors committed during trial by his trial attorney, an assistant public defender. The petitioner further alleged ineffective assistance of trial counsel to the extent that some potential issues were not raised in his motion for new trial, which apparently was filed by a different attorney.[1] To the extent that some issues were not raised on direct appeal, the petitioner also alleged ineffective assistance of appellate

---

[1]Although the trial record is not before this Court, all parties appear to agree that the petitioner was represented by different attorneys at trial than on appeal. According to documents attached to the petitioner's appellate brief, the public defender's office filed a motion for new trial on the petitioner's behalf, but a supplemental motion for new trial was filed by a private attorney, Jerry Summers, who continued to represent the petitioner on appeal.

counsel. In ruling on the petition, the post-conviction court found that all allegations were either waived or previously determined on direct appeal.

A post-conviction court shall dismiss any petition for post-conviction relief that claims relief for issues that have been waived or previously determined. T.C.A. § 40-30-206(f). Section 40-30-206 defines "waived" and "previously determined" as follows:

> (g) A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
>> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.
>
> (h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

T.C.A. § 40-30-206(g)-(h).

The record shows that some of the issues raised by the petitioner were previously determined by this Court on direct appeal. Those issues raised by the petitioner that were previously determined by this Court on direct appeal were properly dismissed without a hearing. See T.C.A. § 40-30-206(f), (h).

A more difficult question arises with regard to whether the post-conviction court properly dismissed the remaining issues on the ground they were waived. The post-conviction court stated in its order that some of the issues raised in the petition were waived because the petitioner, "through his attorney, failed to present [them] for determination in the appeal of this matter." The post-conviction court concluded, "Since the petitioner had separate counsel on the appeal than he had during the course of the

4

trial, the issues as to the ineffective assistance of counsel either were or could have been raised on appeal."

The petitioner alleged various instances of ineffective assistance of appellate counsel. The facts alleged, when taken as true, raise potential grounds for post-conviction relief. See T.C.A. § 40-30-203. Thus, due process requires that the petitioner be afforded the opportunity to prove his contentions. See Waite v. State, 948 S.W.2d 283, 285 (Tenn. Crim. App. 1997). Accordingly, the post-conviction court erred in dismissing the petitioner's claims of ineffective assistance of appellate counsel under § 40-30-206.

Moreover, we have previously warned defendants and their counsel of the dangers of raising the issue of ineffective assistance of trial counsel on direct appeal because of the significant of amount of development and factfinding such an issue entails. See State v. William E. Brewer, No. 02C01-9710-CC-00400, Benton County (Tenn. Crim. App. filed October 28, 1998, at Jackson); State v. Robert Wayne Frantz, Jr., No. 03C01-9509-CC-00269, Sevier County (Tenn. Crim. App. filed February 6, 1998, at Knoxville); see also Thompson v. State, 958 S.W.2d 156 (Tenn. Crim. App. 1997); State v. Jimmy L. Sluder, No. 1236, Knox County (Tenn. Crim. App. filed March 14, 1990, at Knoxville). Given this, we do not believe the Legislature intended the issue of ineffective assistance of appellate counsel to be waived if not raised on direct appeal. Thus, we conclude that the post-conviction court erred in holding that the petitioner's ineffective assistance of counsel claims were barred for failure to raise them on direct appeal.

Even if the Legislature did intend for claims of ineffective assistance of counsel to be waived if not raised on direct appeal, the petitioner's claims are not waived under the circumstances of this case. Here, the petitioner has alleged ineffective assistance of counsel for failing to raise a myriad of issues in his motion for new trial and

5

on direct appeal. If the petitioner's allegations are taken as true, the failure to raise any potential ground for relief is attributable to counsel's incompetence, not the petitioner's waiver. Thus, any failure to raise these issues cannot be considered a valid waiver under § 40-30-206(g).

In sum, the post-conviction court properly dismissed those issues that were previously determined by this Court on direct appeal. However, the allegations regarding ineffective assistance of counsel in preparing the motion for new trial and on appeal should not have been summarily dismissed. Although the petitioner's allegations may be exceedingly difficult to prove, he should at least be afforded the opportunity to do so. See Waite, 948 S.W.2d at 285. This includes, pursuant to T.C.A. § 40-30-207, the appointment of counsel (assuming the petitioner is indigent) and the opportunity to amend his petition.

The post-conviction court's order is reversed in part and this case remanded for further proceedings. Given this disposition, the petitioner's remaining issues on appeal are moot.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge

6