NUMBER 13-99-228-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


THE STATE OF TEXAS
, Appellant,


v.



FRANK BROWN, A/K/A FRANK SANSPREE
, Appellee.

___________________________________________________________________


On appeal from the 278th District Court


of Grimes County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Appellee, Frank Brown, also known as Frank Sanspree, was
charged with capital murder in Grimes County. He moved to suppress
two oral statements he made during his arraignment. The trial court
granted the motion. By three issues, the State contends that the trial
court erred by suppressing oral statements made by appellee. By
appellee's first cross-point, appellate jurisdiction is challenged. We
dismiss for lack of jurisdiction.

 On March 15, 1999, the trial court granted appellee's motion to
suppress oral statements made during the arraignment proceeding. 
The State filed its timely notice of appeal on March 24, 1999. See Tex.
Code. Crim. Proc. Ann. art. 44.01(d) (Vernon Supp. Pamph.) (State may
not pursue appeal under subsection (a) of article 44.01 later than
fifteenth day after date on which order to be appealed is entered by
court). However, in its original notice of appeal, the State did not certify
to the trial court that the appeal was not taken for the purpose of delay
and that the evidence is of substantial importance to the case pursuant
to article 44.01(a)(5). See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5)
(Vernon Supp. Pamph. 2000). The State filed an amended notice of
appeal which included the foregoing language on May 10, 1999, fifty-six days after the trial court entered its order. The State filed its brief
with this Court on August 2, 1999.

 Article 44.01 provides that the State is entitled to appeal an order
granting a motion to suppress evidence if jeopardy has not attached to
the case and if the prosecuting attorney certifies to the trial court that
the appeal is not taken for the purpose of delay and that the evidence
is of substantial importance to the case. See Tex. Code. Crim. Proc.
Ann. art. 44.01(a)(5) (Vernon Supp. Pamph. 2000). In this case, the
State's notice of appeal did not comply with article 44.01 because it did
not certify that the appeal was not taken for the purposes of delay or
that the evidence was of substantial importance to the case.

 The court of criminal appeals strictly construes the statutory
requirements of article 44.01 which establishes the State's limited right
of appeal. See Riewe v. State, 13 S.W.3d 408, 411 (Tex. Crim. App.
2000); State v. Muller, 829 S.W.2d 805, 812-13 (Tex. Crim. App.1992). 
The court has recently held that the certification requirement of article
44.01 is jurisdictional. See Riewe, 13 S.W.3d 408, 413 (Tex. Crim. App.
2000). Therefore, because the State's notice of appeal lacked the
certification requirement, it failed to confer jurisdiction on this Court. 
See id. 

 The court of criminal appeals has also held that substantive
defects in a notice of appeal are not susceptible to correction through
application of the "amendment and cure" provisions in the Texas Rules
of Appellate Procedure. See State v. Muller, 829 S.W.2d 805, 812 (Tex.
Crim. App. 1992) (en banc). Failure to comply with article 44.01 is a
substantive defect. See Riewe, 13 S.W.3d 401. Therefore, the rules of
appellate procedure, including the amendment provision of rule
25.2(d),(1) cannot expand the State's power to obtain jurisdiction before
an appellate court. See Tex. R. App. P. 25.2(d); Riewe, 13 S.W.3d at
413. Thus, the State's amended notice of appeal which contained the
certification requirement is without effect.

 Accordingly, because the State's original notice of appeal failed to
confer jurisdiction on this Court, even though its amended notice of
appeal contained the necessary certification required under article
44.01, this Court cannot retroactively acquire jurisdiction over this case. 
See Riewe, 13 S.W.3d at 412. Appellee's motion to strike the State's
amended notice of appeal is GRANTED and this appeal is DISMISSED
for lack of jurisdiction.

 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 3rd day of August, 2000.

1. Rule 25.2(d) provides that "[a]n amended notice of appeal
correcting a defect or omission in an earlier filed notice may be filed in
the appellate court at any time before the appellant's brief is filed." Tex.
R. App. P. 25.2(d).