IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 25, 2001

## CYRUS D. WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 93-A-176     Seth Norman, Judge**

─────────────

**No. M2000-01237-CCA-R3-PC - Filed May 14, 2001**

─────────────

The Defendant, Cyrus D. Wilson, was convicted by a jury of first degree murder and sentenced to life in prison. His conviction was affirmed on direct appeal.[1] The Defendant subsequently filed for post-conviction relief alleging that he had received ineffective assistance of counsel at trial and that his trial was tainted by due process violations. After an evidentiary hearing the post-conviction court denied relief. The Defendant now appeals as of right. The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

William A. Lane, Murfreesboro, Tennessee, for the appellant, Cyrus D. Wilson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Kymberly L.A. Haas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant contends that he received ineffective assistance of counsel at trial because his attorney was "undergoing [an] emotional, psychological and/or alcohol drug dependency evaluation by [a] mental health and treatment center" during the trial; because his attorney did not object to the trial court's jury instruction on reasonable doubt; and because his lawyer did not produce certain alibi witnesses at trial. The Defendant further contends that he is entitled to a new trial because his due process rights were violated at his first trial. Specifically, he alleges that the jury's instruction on reasonable doubt was unconstitutional; that the State wrongfully suppressed certain oral statements

───────────────

[1]See State v. Cyrus Deville Wilson, No. 01C01-9408-CR-00266, 1995 WL 676398, at *1 (Tenn. Crim. App., Nashville, Nov. 15, 1995).

he made; that the State wrongfully failed to disclose certain witnesses; and that the State wrongfully characterized proof in support of its case-in-chief as rebuttal proof. The post-conviction court denied relief on all of the Defendant's grounds finding that he failed to carry his burden of proof.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. Tenn. Code Ann. § 40-30-210(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or reevaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79.

We will first address the Defendant's allegations of due process violations. With the exception of the reasonable doubt jury instruction, each of these contentions was raised in the direct appeal of this matter. See State v. Cyrus Deville Wilson, No. 01C01-9408-CR-00266, 1995 WL 676398, at *1 (Tenn. Crim. App., Nashville, Nov. 15, 1995). Accordingly, these issues have been previously determined and will not now be revisited by this Court. See Tenn. Code Ann. § 40-30-206(h); see also Kendricks v. State, 13 S.W.3d 401, 404 (Tenn. Crim. App. 1999). With respect to the issue regarding the reasonable doubt instruction, this issue could have been raised on direct appeal.[2] Accordingly, it is now deemed waived. See Tenn. Code Ann. § 40-30-206(g).[3] Moreover, the record does not contain the instruction complained of, and the Defendant offers us neither argument nor authority in support of this contention. "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

We turn now to the Defendant's allegations that he received ineffective assistance of counsel at trial. Both the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution guarantee a defendant the right to representation by counsel. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999); Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). This right to counsel includes the right to effective counsel. See Burns, 6 S.W.3d at 461; Baxter, 523 S.W.2d at 936; Strickland v. Washington, 466 U.S. 668, 686 (1984).

To determine whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936; Hicks v. State, 983 S.W.2d 240, 245 (Tenn. Crim. App.

---

[2]Contrary to the requirement of our Post-Conviction Act, the Defendant's petition does not contain allegations of fact explaining why this ground for relief was not presented in his direct appeal. See Tenn. Code Ann. § 40-30-204(e).

[3]The Defendant makes no argument that this issue is exempt from the waiver rule because it is based on a new constitutional right requiring retroactive application or that his failure to present the issue is the result of unconstitutional state action. See Tenn. Code Ann. § 40-30-206(g)(1), (2).

1998). To succeed on a claim that his or her counsel was ineffective at trial, a defendant bears the burden of showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the defendant resulting in a failure to produce a reliable result. Strickland, 466 U.S. at 687; Burns, 6 S.W.3d at 461; Hicks, 983 S.W.2d at 245. To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the defendant's guilt. See Strickland, 466 U.S. at 694-95. This reasonable probability must be "sufficient to undermine confidence in the outcome." Id. at 694; see also Harris v. State, 875 S.W.2d 662, 665 (Tenn. 1994); Owens v. State, 13 S.W.3d 742, 750 (Tenn. Crim. App. 1999).

When reviewing trial counsel's actions, this Court should not use the benefit of hindsight to second-guess trial strategy and criticize counsel's tactics. See Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); Owens, 13 S.W.3d at 749. Counsel's alleged errors should be judged at the time they were made in light of all facts and circumstances. See Strickland, 466 U.S. at 690; Hicks, 983 S.W.2d at 246.

With respect to the Defendant's contention that his lawyer was undergoing some form of mental health evaluation at the time of his trial, the Defendant offered no proof in support of this allegation at his hearing. The Defendant's trial lawyer testified that he underwent an evaluation after the Defendant's trial and that there were no findings or treatment as a result. The post-conviction court made no error, therefore, in finding that the Defendant failed to carry his burden of proof with respect to this allegation, and this issue is without merit.

As to the Defendant's contention regarding his lawyer's failure to object to the reasonable doubt instruction, the post-conviction court found that the Defendant presented "no proof" on this issue. Trial counsel testified that he did not recall the instruction that was given to the jury and did not remember the Defendant requesting him to object to it. The Defendant testified that he did not become aware of this issue until after trial. As we have previously noted, the record before us does not contain the challenged instruction. We agree with the post-conviction court that the Defendant has failed to carry his burden of proof on this issue, and it is therefore without merit.

The Defendant also contends that his trial lawyer was ineffective because he did not produce certain alibi witnesses at trial. In support of his contentions the Defendant produced two alibi witnesses at his post-conviction hearing. Dawone Matthews testified that he and the Defendant were both on a basketball court when he heard two gunshots.[4] Matthews ran into the Defendant's mother's house; the Defendant, he testified, ran in "right behind" him. The only person he told about this was his girlfriend, one of the Defendant's sisters.

---

[4]The victim in this case was killed by a gunshot wound to his head.

Brandi Chriswell, a friend of the Defendant's two sisters, also testified that she saw the Defendant on the basketball court at the time the shots were fired. She did not relate this information to anyone, however.

Valerie Wilson Ehinlaiye, the Defendant's mother, testified on behalf of the State that Matthews ran into her house first, and the Defendant did not come in until five or ten minutes after the shots were fired. The Defendant came in not with Matthews, she testified, but some minutes later, with the Defendant's girlfriend.

The Defendant's trial counsel testified that the Defendant gave him several nicknames of alleged alibi witnesses but no full names or addresses. He testified that he "canvassed the area where they were supposed to be located" four times. He "talked to many different people in the neighborhood" trying to locate the witnesses. He testified that he "spent many hours . . . trying to find them," but was unsuccessful. He stated that he had not previously heard the names "Dawone Matthews" or "Brandi Chriswell."

The Defendant testified that he gave his lawyer the nicknames of several alibi witnesses and told him where he could find them. He explained that he could not give his lawyer the witnesses' full names because he did not know them; nor could he give his lawyer the witnesses's phone numbers or addresses. However, he contended that "these are the names that they go by every day, so if [his lawyer] were to go to the neighborhood and inquire about them, [he was] sure that those people would have been easily found."

The post-conviction court found that it "[could] not conclude that counsel was ineffective, because he could not locate a witness, with only a vague reference as to the location or name of the individual." The court further found that Matthews' testimony was subject to "serious discrepancies" and concluded that the Defendant had failed to prove by clear and convincing evidence that, had his lawyer called Matthews and Chriswell, there was a reasonable probability that the jury would have had a reasonable doubt regarding the Defendant's guilt. See Strickland, 466 U.S. at 695. Accordingly, the post-conviction court denied relief.

The evidence does not preponderate against the trial court's findings. The Defendant failed to prove by clear and convincing evidence that his lawyer's performance fell below the required standard. Moreover, even if his lawyer's failure to find the alleged alibi witnesses was deficient, we can neither reevaluate the credibility of the witnesses' testimony nor reweigh the evidence on behalf of the Defendant. Accordingly, because the Defendant failed to prove his allegations by clear and convincing evidence, we affirm the judgment of the post-conviction court.

_____
DAVID H. WELLES, JUDGE