# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 27, 2001

## JOHN EARL SCALES v. STATE OF TENNESSEE

**Post-Conviction Appeal from the Criminal Court for Davidson County**
**No. 96-A-339     Steve Dozier, Judge**

---

**No. M2001-00310-CCA-R3-PC - Filed August 23, 2002**

---

The appellant, John Earl Scales, was convicted by a Davidson County jury of felony murder and attempted aggravated robbery. He was sentenced to life imprisonment for the murder with a concurrent three-year term for the attempted aggravated robbery conviction. On direct appeal this Court affirmed the convictions and sentences. State v. John Earl Scales, No. 01C01-9709-CR-00412 (Tenn. Crim. App., at Nashville Feb. 24, 1999), 1999 Tenn. Crim. App. LEXIS 168, at *28. On November 20, 2000, Scales filed a petition for post-conviction relief. On December 19, 2000, the post-conviction court summarily dismissed the petition. From that dismissal the appellant perfected the instant appeal. We find that the post-conviction court erred in summarily dismissing the appellant's claims regarding the alleged ineffectiveness of his appellate counsel on the grounds of waiver or previous determination. Moreover, we find that the post-conviction court's order indicating that such allegations do not state "colorable claims" does not set forth with sufficient specificity the court's findings with regard to the allegations concerning the alleged ineffectiveness of appellate counsel. We therefore remand this case for entry of an appropriate order in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed in part, Reversed in Part and Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

John Earl Scales, *Pro Se*, Only, Tennessee.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Jon Seaborg, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In his direct appeal the appellant was represented by a different attorney than the one who represented him at trial. That appellate attorney presented a number of issues for review including inter alia whether the appellant's trial counsel rendered ineffective assistance in violation of the Sixth Amendment to the United States Constitution. Id. at *4. On direct appeal the appellant also raised issues concerning the sufficiency of the convicting evidence, an alleged failure of the trial court to give a curative instruction regarding the testimony of a witness named Vera Thompson, alleged police misconduct in the claimed failure of police to recover surveillance tapes that the appellant claims are exculpatory, and the trial court's decision to deny a new trial based on newly discovered evidence. These issues have been previously determined and cannot form the basis of post-conviction relief. Tenn. Code Ann. § 40-30-206(f). Summary dismissal of these grounds in the instant case is affirmed.

However, the post-conviction court also found that appellant's claims of ineffective appellate counsel were either waived, previously determined or failed to present "colorable claims" when taken as true. See Tenn. R. Sup. Ct. 28 § 2(H). The post-conviction court without further discussion simply stated that the claims regarding appellate counsel's alleged failures do not constitute deficient performance, or if deficient, fail to show that the appellant was prejudiced by counsel's performance. We are of the opinion that a finding of waiver or previous determination of the claims regarding ineffective assistance of appellate counsel was erroneous. Moreover, simply stating that the claims lack a factual or legal basis for stating a colorable claim is not sufficient under the supreme court rules regarding post-conviction cases so as to allow full appellate review.

This case is similar to Kendricks v. State, 13 S.W.3d 401 (Tenn. Crim. App. 1999), wherein a panel of this Court found that allegations regarding the ineffectiveness of appellate counsel, when trial and appellate counsel are different, are not waived under the Post-Conviction Act when those allegations are not presented on direct appeal. Id. at 405. In addition, we have examined both the post-conviction petition and the opinion rendered by this Court on direct appeal. We do not see that the claims regarding appellate counsel's performance were addressed in the opinion; thus, they have not been previously determined. Therefore, the post-conviction court erred in summarily dismissing the appellate counsel claims based on waiver or previous determination.

As noted earlier, the post-conviction court did state that it had reviewed the allegations regarding appellate counsel and was of the opinion that the allegations failed to establish any "colorable claims." However, Tennessee Supreme Court Rule 28, section 6(B)(4)(c) refers to the summary dismissal of post-conviction petitions and provides in pertinent part:

> In the event the court concludes that dismissal is appropriate, the court shall enter an order specifying its findings of fact and conclusions of law in support of the determination that the petition does not state a colorable claim.

Tenn. Sup. Ct. R. 28 § 6(B)(4)(c) (emphasis added).

The post-conviction court's order does not <u>specify</u> why the claims regarding appellate counsel's performance, if true, would not entitle the appellant to relief mandated by Rule 28, section 6(B)(4)(c). The shibboleth that such allegations do not meet the "colorable claims" standard is insufficient.

<u>CONCLUSION</u>

This case is remanded to the post-conviction court for entry of an order specifying in what way the court finds the appellant's allegations regarding appellate counsel fail to state "colorable claims" under the Post-Conviction Procedures Act and the Tennessee Supreme Court Rules governing post-conviction procedures.

_____
JERRY L. SMITH, JUDGE