IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 8, 2005

## JAMES MARIO STARNES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 9884    Charles Lee, Judge**

---

**No. M2004-01442-CCA-R3-PC - Filed April 15, 2005**

---

The petitioner, James Mario Starnes, appeals the Bedford County Circuit Court's dismissal of his *pro se* petition for post-conviction relief without holding an evidentiary hearing. In his petition, the petitioner contends that he received ineffective assistance of counsel and entered an involuntary plea. The trial court concluded that the factual allegations of the petition were insufficient and that the issues were waived for failure to present them on direct appeal. We disagree and remand the case to the trial court for an evidentiary hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J.C. McLin, J., delivered the opinion of the court, in which Joseph M. Tipton and Norma McGee Ogle, JJ., joined.

James M. Starnes, Lois DeBerry Special Needs Facility 4B, Nashville, Tennessee, *Pro Se.*

Paul G. Summers, Attorney General and Reporter; William G. Lamberth, II, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael Randles, and Ann Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The petitioner pled guilty to attempted second degree murder and especially aggravated robbery. Following a sentencing hearing, he received concurrent sentences of ten years, nine months for attempted second degree murder and twenty-five years for especially aggravated robbery. This Court dismissed the case on direct appeal. See State v. James Mario Starnes, No. M2002-01450-CCA-R3-CD, 2003 WL 1094071 (Tenn. Crim. App., at Nasville, March 13, 2003) (holding that sufficiency of the evidence is not an appropriate issue on direct appeal from a guilty plea), perm. app. denied (Tenn. June 30, 2003).

The petitioner filed a twenty-four page *pro se* petition for post-conviction relief, alleging that his trial counsel was ineffective and (1) "did not adequately research the law in relation to the facts of this case," (2) "did not advise the petitioner, or discuss with petitioner, potential defense strategies or tactical choices," and (3) "did not fully investigate the circumstances of the case nor explore all avenues leading to facts relevant to guilt, degree of guilt or penalty." The petitioner also alleged that his plea was involuntary because neither the trial court nor counsel adequately informed him of the charges to which he pled.

The trial court did not appoint an attorney, hold an evidentiary hearing, or allow the *pro se* petitioner to amend the petition before summarily dismissing it without a hearing. By order, the trial court stated:

> [T]he petition is dismissed as it does not allege factual allegations regarding the conduct of counsel which the petitioner claims to be ineffective. In granting the delayed appeal, which this Court has previously done, the Defendant was in a position to bring these matters before the Court of Criminal Appeals in his delayed appeal. Failing to do so constitutes waiver of these issues.

The petitioner timely appeals from this order.

**Analysis**

In this appeal, the petitioner contends that his petition states colorable grounds for relief and that the trial court dismissed his petition prematurely. A petition for post-conviction relief "must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d) (2003). A bare allegation that a constitutional right has been violated and mere conclusions of law are not sufficient to warrant further proceedings. Id. Failure to state a factual basis for the grounds alleged will result in an immediate dismissal of the petition. Id.

The process by which a post-conviction court should use to determine whether a post-conviction petition should be dismissed without a hearing was explained in Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). The post-conviction court should first consider whether the petition states a colorable claim. Id. A colorable claim is one "that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Id. (quoting Tenn. Sup. Ct. R. 28 § 2(h)). When determining whether a colorable claim has been presented, *pro se* petitions should be held to less stringent standards than formal pleadings drafted by attorneys. See Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993). Absent a clear and specific statement of the grounds upon which the petitioner seeks relief, the judge may enter an order allowing a *pro se* petitioner to file an amended petition within fifteen days. Tenn. Code Ann. § 40-30-106(d).

In the instant case, the trial court summarily dismissed the petition, stating that it failed to "allege factual allegations regarding the conduct of counsel which the petitioner claims to be ineffective." However, the petition clearly includes argument that counsel was ineffective for not adequately researching the law, advising the petitioner, and investigating the facts and circumstances of the case. The petition states the law upon which the petitioner relies and even provides an example of alleged error: trial counsel did not recognize and advise the petitioner that he did not meet the necessary *mens rea* element for a first or second degree murder conviction. Furthermore, *pro se* petitions should be held to a less stringent standard, and there is no indication in the record that the petitioner was allowed to amend his petition. Based upon our review of the petition, we conclude that it adequately states a colorable claim and merits an evidentiary hearing.

In addition, we note that the petitioner's arguments have not been waived. The petitioner's challenge to his guilty pleas is based upon an alleged deprivation of his constitutional right to adequate notice of the offense charged. An abridgment of a constitutional right is a ground for post-conviction relief. See Tenn. Code Ann. § 40-30-103 (2003). This Court has squarely addressed raising ineffective assistance of counsel claims in post-conviction proceedings: "raising ineffective assistance of counsel claims on direct appeal is 'fraught with peril' since it 'is [practically] impossible to demonstrate prejudice as required' without an evidentiary hearing." State v. Blackmon, 78 S.W.3d 322, 328 (Tenn. Crim. App. 2001) (citation omitted); see also Kendricks v. State, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999) ("[W]e do not believe that the Legislature intended the issue of ineffective assistance of . . . counsel to be waived if not raised on direct appeal."); see also State v. Derenzy Turner and Vernon West, No. 02C01-9512-CR-00390, 1997 WL 312530, at *11 (Tenn. Crim. App., at Jackson, July 11, 1997) ("[I]neffective assistance of counsel claims should normally be raised by petition for post-conviction relief."). Accordingly, we cannot agree with the trial court that the petitioner waived the issues raised in his petition by not presenting them on direct appeal.

## Conclusion

Based upon the foregoing and the record as a whole, we reverse the trial court's dismissal of the petition and remand the case to the trial court for an evidentiary hearing.

_____
J.C. McLIN, JUDGE