IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2007

## JEREMY CROSBY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-1601     Steve Dozier, Judge**

---

**No. M2007-00611-CCA-R3-PC - Filed April 25, 2008**

---

The petitioner, Jeremy Crosby, appeals the Davidson County Criminal Court's order dismissing his pro se petition for post-conviction relief without a hearing. The state contends that the trial court properly dismissed most of the petitioner's claims but admits that the post-conviction court should have appointed counsel to address the petitioner's claim of ineffective assistance of appellate counsel. After reviewing the record, we affirm the majority of the post-conviction court's order but remand the case to the post-conviction court for the appointment of counsel and additional proceedings regarding the petitioner's claim of ineffective assistance of appellate counsel.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part
and Reversed in Part; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Jeremy Crosby, Only, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pamela S. Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

Following a May 2004 jury trial in Davidson County Criminal Court, the petitioner, Jeremy Crosby was convicted of one count of possession of over 0.5 gram of a controlled substance (cocaine) with intent to sell or deliver and one count of unlawful use of drug paraphernalia. The defendant received an effective sentence of eighteen years as a Range I, standard offender, in the Department of Correction. On direct appeal, the petitioner, represented by new counsel, alleged that the trial court erred in failing to grant his motion to suppress, and that he received the ineffective

assistance of counsel at trial.  This court affirmed the petitioner's sentence on appeal.  State v. Jeremy S. Crosby, No. M2005-00548-CCA-R3-CD, 2007 WL 189384, at *1 (Tenn. Crim. App. Jan. 26, 2007), no app. filed.

On February 28, 2007, the petitioner filed a pro se petition for post-conviction relief.  In the petition, the petitioner alleged: (1) the evidence was insufficient to convict him of intent to sell; (2) the state failed to prove the element of possession; (3) the evidence produced at trial was based on an unconstitutional search and seizure; (4) trial counsel was ineffective; (5), (6), (7) the affidavit was invalid in that it did not provide probable cause to arrest, was inconsistent and contradicted trial testimony; (8) the state withheld evidence regarding the name of a witness; (9) the state engaged in prosecutorial misconduct by knowingly using false evidence and conflicting testimony at the suppression hearing and in the affidavit; (10) improper chain of custody; (11) the evidence was based on an unlawful arrest because the motel clerk was an agent for the state; (12) the trial court used false information to determine his sentence; (13), (14) the trial court denied the defendant's request to produce the name of the motel clerk and the opportunity to test evidence; (15) the trial court erred in not permitting him to interview the motel clerk; (16) evidence was allegedly destroyed in the motel room; (17) trial counsel was ineffective at the sentencing hearing; (18), (19), (20) the trial court abused its discretion by failing to rule on issues arising from his motion for new trial and motion to dismiss and by dismissing a juror after the trial began; (21) his sentence is excessive; (22) the trial court denied the petitioner a right to a fair trial in that he was not permitted to fire his attorney; and (23) appellate counsel was ineffective for failing to obtain a full transcript and raise all relevant issues.

On March 7, 2007, the post-conviction court dismissed the petition without a hearing.  The post-conviction court held that issues (1)-(4), (11), (17), and (22) were previously addressed on direct appeal and therefore previously determined.  The court held that all other issues other than the ineffective assistance of appellate counsel were improper grounds for post-conviction relief and were waived because they were being raised for the first time on post-conviction.  Regarding the ineffective assistance of appellate counsel claim, the post-conviction court concluded:

> Specifically the petitioner alleges the [appellate counsel] should have raised the Court's failure to rule on inconsistent statements made by state's witnesses during his motion for a new trial.  The Court finds the petitioner's claims would not have had merit and therefore counsel was not deficient for failing to raise the issue on appeal.  Therefore, the argument does not have merit under the post-conviction procedure act and shall be dismissed.

It is from this order that the petitioner appeals.

ANALYSIS

Initially, we conclude that the post-conviction court properly dismissed the majority of the petitioner's claims.  We agree with the post-conviction court that the issues it identified as being

previously determined, with the exception of sufficiency of evidence and failure to prove an essential element of the offense, were addressed on direct appeal and therefore may not be grounds for post-conviction relief. See Tenn. Code Ann. § 40-30-106(h) (2006). The sufficiency and proof of essential element issues, along with all remaining issues other than ineffective assistance of appellate counsel, are waived because they were not addressed on direct appeal, see id. § (g), and because they are not issues that would render the petitioner's "conviction or sentence . . . void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States," Tenn. Code Ann. § 40-30-130 (2006), as is required to procure relief under the Post-Conviction Procedure Act. Therefore, the only issue raised by the petitioner that we will address is whether the trial court properly summarily dismissed the petitioner's ineffective assistance of appellate counsel claim for failure to state a colorable claim.

Whether a trial court properly dismissed a petition for post-conviction relief for failure to state a claim for relief is a question of law. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002). Thus, an appellate court's review of the trial court's dismissal of the petition is de novo. See id.; Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

The Post-Conviction Procedure Act states that a petition for post-conviction relief must specify the grounds for relief and set forth facts to establish a colorable claim for relief. See Tenn. Code Ann. § 40-30-106(d) (2006). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). When the facts, taken as true, fail to demonstrate that the petitioner is entitled to relief, then the trial court may dismiss the petition. Tenn. Code Ann. § 40-30-106(f). When the trial court concludes that a petition does not present a "colorable claim," it may summarily dismiss the petition without appointing counsel. See Blair v. State, 969 S.W.2d 423, 424 (Tenn. Crim. App. 1997); see also Pewitt v. State, 1 S.W.3d 674, 674 (Tenn. Crim. App. 1999) (holding that a petition alleging "no particulars" of ineffective assistance of counsel did not state a "colorable claim"). If the petition does state a colorable claim, the court shall enter a preliminary order. See Tenn. Code Ann. § 40-30-107(a). The order shall appoint counsel for the petitioner if the petitioner is indigent and requests counsel. Id. § 40-30-107(b)(1). The order shall also direct the petitioner or the petitioner's counsel to file an amended petition, or a written notice that no amendment will be filed, within thirty days of the entry of the order. Id. § 40-30-107(b)(2).

In this case, the state concedes that the petitioner's ineffective assistance of appellate counsel claim was a colorable claim and was not waived. We agree. This court has previously held that "allegations regarding the ineffectiveness of appellate counsel, when trial and appellate counsel are different, are not waived under the Post-Conviction Act when those allegations are not presented on direct appeal." State v. John Earl Scales, No. M2001-00310-CCA-R3-PC, 2002 WL 1949697, at *2 (Tenn. Crim. App. Aug. 23, 2002) (citing Kendricks v. State, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999)). The fact that a petitioner raised claims of ineffective assistance of trial counsel on direct appeal, as did this petitioner, does not waive consideration of ineffective assistance of appellate counsel on post conviction. Laraiel Winton v. State, No. E2006-02392-CCA-R3-PC, 2007

WL 2438112, at **1-2 (Tenn. Crim. App. Aug. 29, 2007). These holdings, coupled with the fact that the petitioner's ineffective assistance of appellate counsel claim was not previously determined and was based on specific allegations of counsel's failure to acquire a complete transcript and argue all issues on appeal, lead us to conclude that the petition presented a colorable claim for relief and consequently the trial court erred by summarily dismissing the petition as to this claim.

<u>CONCLUSION</u>

Based upon the foregoing, the judgment of the post-conviction court denying the petition for post-conviction relief is affirmed regarding all issues other than the petitioner's ineffective assistance of appellate counsel claim. As to that issue, the judgment of the post-conviction court is reversed and the case remanded for additional proceedings consistent with this opinion and with the Post-Conviction Procedure Act.

                                        _____
                                        D. KELLY THOMAS, JR., JUDGE