IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2009

## RONALD YATES v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 01-08883-84     W. Otis Higgs, Jr., Judge**

---

**No. W2008-02067-CCA-R3-PC   -   Filed December 3, 2009**

---

The petitioner, Ronald Yates, appeals the post-conviction court's dismissal of his petition for post-conviction relief, arguing that dismissal was improper because the court did not make specific findings or conduct an evidentiary hearing.  He additionally argues that if the court's intent was to dismiss on grounds that the issue of ineffective assistance of counsel had been previously determined, such action was in error because he had different trial and appellate counsel.  After review, we conclude that the post-conviction court erred in dismissing the petition without conducting an evidentiary hearing as to the petitioner's claim of ineffective assistance of appellate counsel.  Therefore, we reverse the dismissal and remand for proceedings consistent with the Post-Conviction Procedure Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR. and CAMILLE R. MCMULLEN, JJ., joined.

Eran Julian (on appeal) and Byron Winsett (at hearing), Memphis, Tennessee, for the appellant, Ronald Yates.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak and Anita Spinetta, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The petitioner was convicted by a Shelby County Criminal Court jury of first degree premeditated murder and attempted first degree murder, and the trial court sentenced him to life plus twenty-three years.  The petitioner appealed to this court, raising numerous issues, including ineffective assistance of trial counsel.  State v. Ronald Yates, No. W2003-02251-CCA-R3-CD, 2004

WL 2821224 (Tenn. Crim. App. Dec. 8, 2004). This court modified the petitioner's sentence for attempted first degree murder to twenty years and affirmed the judgments of the trial court in all other regards. Id. at *1.

The petitioner filed a *pro se* petition for post-conviction relief on July 12, 2005. In his petition, he asserted that he received the ineffective assistance of counsel at trial and on appeal, raising evidentiary issues and challenging his sentence. After the appointment of counsel, the petitioner, through counsel, filed an amended petition for post-conviction relief on May 24, 2007. On that same day, a hearing was held, during which the State asserted that it was not prepared to address certain issues raised in the petitioner's amended petition because it had been filed only that day. The State also argued that the petitioner was precluded from raising the ineffective assistance of trial counsel claim because it had already been litigated at the motion for new trial and on direct appeal. The court observed, "[T]he Court agrees with you, though, that effectively eliminate[s] or that's the petition for post-conviction." The State responded, "Sir, I don't think it precludes hearing allegations of ineffective assistance of appellate counsel." The court reset the hearing for the State to respond to one of the petitioner's newly raised issues of ineffective assistance of general sessions counsel.

The second hearing was held on July 20, 2007, at which the State again argued that the petitioner's claim of ineffective assistance of counsel had already been litigated and should therefore be dismissed. The petitioner's counsel agreed that certain ineffective assistance claims had been previously raised and ruled on at the motion for new trial and on appeal. However, he said that the petitioner was raising some "factually distinct issues" regarding the ineffective assistance of counsel and also raising the issue of ineffective assistance of appellate counsel. The post-conviction court took the matter under advisement.

On August 5, 2008, the State filed a motion to dismiss the petition for post-conviction relief, stating, "The State of Tennessee moves the Court to dismiss the Petition for Post Conviction Relief heretofore filed in this cause by the petitioner, and says: The petition was heard based on the [petitioner's] claim of ineffective counsel. This claim is without merit and thus is denied." That same day, the court entered an order granting the State's motion. The order was as follows:

> This cause came to be heard upon the Petition for Post-Conviction Relief filed by Petitioner and the Response of the State of Tennessee from all of which it appears that the [petitioner] was found guilty [of] M1D. This Petition was heard. Therefore the State's request for dismissal of the Petition shall be granted.

The petitioner appealed.

## ANALYSIS

The petitioner argues that the post-conviction court erred in dismissing his petition without making specific findings of fact and conclusions of law or conducting an evidentiary hearing. He also argues that if it was the court's intent to dismiss on grounds that the ineffective assistance of counsel claim had been previously determined, such action was error because he had different trial and appellate counsel. The State agrees that the post-conviction court improperly dismissed the petition without a hearing. We review the post-conviction court's dismissal of the petition, as an issue of law, *de novo* on the record without a presumption of correctness. See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

The Post-Conviction Procedure Act provides in pertinent part:

> (f) Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.
>
> . . . .
>
> (h) A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence.

Tenn. Code Ann. § 40-30-106(f), (h) (2006).

Tennessee Supreme Court Rule 28, § 6(B)(4)(c) provides:

> In the event the court concludes that dismissal is appropriate, the court shall enter an order specifying its findings of fact and conclusions of law in support of the determination that the petition does not state a colorable claim. The order shall state specifically the facts which support dismissal including whether the petition is barred by the statute of limitation, was filed in a court without jurisdiction, or whether the petition fails to specify the grounds for relief, the facts supporting those grounds, or fails to establish that the claim(s) have not been waived or previously determined.

Upon review, we conclude that a remand is necessary. In his original and amended petitions, the petitioner presented evidentiary, sentencing, and ineffective assistance of counsel claims. The post-conviction court dismissed, stating, "This Petition was heard. Therefore the State's request for dismissal of the Petition shall be granted." It appears that the post-conviction court may have

intended to dismiss at least the ineffective assistance of counsel claims as having been previously determined. With regard to the petitioner's claim of ineffective assistance of trial counsel, we note that claim was previously determined by this court on direct appeal and cannot be relitigated in a post-conviction proceeding, even though the petitioner may not have made the same allegations on direct appeal that he now makes in his post-conviction petition. See Jay Homer Chambers v. State, No. E2004-01862-CCA-R3-PC, 2005 WL 2346974, at *2 (Tenn. Crim. App. Sept. 26, 2005); John Earl Scales v. State, No. M2003-01753-CCA-R3-PC, 2004 WL 1562542, at **6-7 (Tenn. Crim. App. July 13, 2004), perm. to appeal denied (Tenn. Nov. 8, 2004); Russell Lane Overby v. State, No. W2001-01247-CCA-R3-PC, 2002 WL 818250, at *2 (Tenn. Crim. App. Apr. 26, 2002), perm. to appeal denied (Tenn. Sept. 9, 2002).

However, as noted above, in his post-conviction petition, the petitioner presented the additional claim that appellate counsel was ineffective. This court has previously held that "allegations regarding the ineffectiveness of appellate counsel, when trial and appellate counsel are different, are not waived under the Post-Conviction Act when those allegations are not presented on direct appeal." John Earl Scales v. State, No. M2001-00310-CCA-R3-PC, 2002 WL 1949697, at *2 (Tenn. Crim. App. Aug. 23, 2002) (citing Kendricks v. State, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999)). A petitioner does not waive consideration of a claim of ineffective assistance of appellate counsel even though he raised a claim of ineffective assistance of trial counsel on direct appeal. See, e.g., Laraiel Winton v. State, No. E2006-02392-CCA-R3-PC, 2007 WL 2438112, at * 3 (Tenn. Crim. App. Aug. 29, 2007); Russell Lane Overby, 2002 WL 818250, at *2.

We have reviewed the original and amended petitions, as well as this court's opinion on direct appeal, and we do not see that any issues regarding appellate counsel's performance were addressed on direct appeal. Moreover, the post-conviction court's cursory dismissal is inadequate under Tennessee Supreme Court Rule 28, § 6(B)(4)(c) for this court to determine whether dismissal of the petitioner's other claims was appropriate. On remand, we instruct the post-conviction court to revisit the claims in the petitioner's original and amended petitions. If the post-conviction court finds that summary dismissal is appropriate as to any of the claims, the court shall render an order in conformity with Tennessee Supreme Court Rule 28, § 6(B)(4)(c) and the Post-Conviction Procedure Act. As to any colorable claims presented by the petitioner, including the ineffective assistance of appellate counsel, the post-conviction court shall conduct an evidentiary hearing at which the petitioner is able to present evidence in support of his claims.

## CONCLUSION

Based on the foregoing authorities and reasoning, we reverse the post-conviction court's dismissal of the petition and remand for proceedings in accordance with the Post-Conviction Procedure Act.

_____
ALAN E. GLENN, JUDGE

-4-