**STATE of Tennessee, Appellee,**

v.

**Vernon Lee RICKER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 2, 1994.

Permission to Appeal Not Applied for to the Supreme Court.

Clyde W. Watson, Public Defender's Office, Camden, for appellant on appeal.

W. Jeffery Fagan, Asst. Public Defender, Paris, for appellant at revocation hearing.

Charles W. Burson, Atty. Gen. and Amy L. Tarkington, Asst. Atty. Gen., Nashville, Robert G. Radford, Dist. Atty. Gen., Huntingdon, Vicky Snyder, Asst. Dist. Atty. Gen., Camden, for appellee.

## *OPINION*

TIPTON, Judge.

This case is before us upon remand by the supreme court for rehearing in light of its decision in *State v. Wade*, 863 S.W.2d 406 (Tenn.1993), dealing with the revocation of probation based solely upon a drug screen test result submitted into evidence. In this case, we affirmed the revocation of probation based solely upon a drug screen test report reflecting that a urinalysis showed the presence of cannabinoids, which are substances in marijuana.

At the revocation hearing, the probation officer testified that she had obtained a test sample from the defendant and delivered it the same day to Allied Clinical Laboratories in Chattanooga, Tennessee. She stated that the laboratory performs tests for her office pursuant to state contract and she submitted the laboratory's report into evidence over the defendant's objection. The defendant, his wife and his mother testified that he did not use drugs or alcohol. It was upon this evidence that the trial court revoked probation.

In *Wade*, the supreme court held that due process under Article I, Section 9 of the Tennessee Constitution prohibits the revocation of probation "based on an unidentified laboratory test admitted into evidence without a finding of good cause and proof of the reliability of the test report." 863 S.W.2d at 410. In this respect, the opinion indicates that a probationer is entitled to confront and cross-examine an adverse witness, such as the testing laboratory technician, unless the trial court specifically found good cause for not allowing confrontation. Also, it indicated that even if good cause were shown for not requiring the personal appearance of the technician, evidence was needed to establish that the report was reliable. *Id.* at 409.

In this case, there was no evidence introduced by the state to explain why the person who did the testing was not presented as a witness. Obviously, the trial court made no finding that good cause existed for not requiring the presence of such witness. Also, the final report contained in the record gives no indication of the identity of the person who conducted the test, that person's relevant qualifications, the method of testing used, the scientific reliability of that method to identify the substance, or whether the testing was conducted under established and reliable procedures. With such failures, the unidentified laboratory test report is unreliable. *Wade*, 863 S.W.2d at 409–410.

In considering the future impact of *Wade*, we note that the supreme court relied in large measure upon *Wilson v. State*, 70 Md. App. 527, 521 A.2d 1257 (1987). In *Wilson*, the court concluded that the trial court's specific finding that it would be cost prohibitive to call an out-of-state technician to testify constituted good cause for not requiring the technician's personal appearance. *Id.* 521 A.2d at 1260–1261. It quoted from *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), with respect to a cautionary note about a probationer's right to cross-examination:

An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. Petitioner's greatest concern is with the difficulty and expense

of procuring witnesses from perhaps thousands of miles away. While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey [v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484] (1972)] intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

411 U.S. at 783 n. 5, 93 S.Ct. at 1760 n. 5. Also, the *Wilson* court noted that there are different methods for determining the presence of marijuana in urine and that precedent exists for questioning the reliability of one of the particular tests when used by itself. 521 A.2d at 1261.

Needless to say, the record before us indicates that the revocation of the defendant's probation was based solely upon an unreliable laboratory test report without any good cause being shown or found to exist to deny the defendant the right to confront and cross-examine a person with knowledge about the testing done. Under these circumstances, the probation revocation is reversed and the case is remanded to the trial court for further proceedings consistent with *Wade* and this decision.

JONES, J., and BYERS, Senior Judge, concur.