STATE of Tennessee, Appellee,

v.

David GABEL, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

July 14, 1995.

Shara A. Flacy, District Public Defender, William C. Bright, John R. Wingo, Assistant Public Defenders, Pulaski, for Appellant.

Charles W. Burson, Attorney General & Reporter, Kimbra R. Spann, Counsel for the State, Nashville, Mike Bottoms, District Attorney General, Lawrenceburg, James G. White, II, Asst. Dist. Attorney General, Columbia, for Appellee.

## OPINION

SUMMERS, Judge.

The appellant, David Gabel, entered pleas of guilty in 1987 to four (4) counts of grand larceny, two (2) counts of first degree burglary, and one (1) count of safecracking. The trial court placed the appellant on six (6)

years probation. Appellant subsequently pled guilty to sale of a controlled substance in 1989. The trial court placed the appellant on nine (9) years probation and ordered that his sentences run consecutively. In 1994, following an evidentiary hearing, the trial court revoked Gabel's probation. Gabel now appeals, contending that the trial court abused its discretion in revoking his probation. Specifically, he alleges that the trial court erred by: (1) admitting testimony concerning a laboratory report into evidence; (2) admitting the appellant's confession to another offense into evidence; (3) revoking the appellant's probation based on an offense committed while he was on probation without any evidence as to when the alleged offense occurred. We affirm the judgment of the trial court.

The state called two witnesses at the appellant's probation revocation hearing. Ms. Beth Ladner, the appellant's probation officer, testified that the appellant had failed a drug test for marijuana. She admitted that she did not administer the test. She indicated that another probation officer, Frank Elston, tested the appellant and SmithKline laboratory performed the test analysis. When asked during cross-examination why no one from SmithKline was in court to testify concerning the reliability of the test results, Ladner replied that it was her understanding that the laboratory personnel did not normally appear unless subpoenaed.

At the close of the state's proof, the appellant objected to the introduction of testimony concerning the laboratory report. In *State v. Wade*, 863 S.W.2d 406 (Tenn.1993), the Tennessee Supreme Court held that in a probation revocation hearing, admission into evidence of a toxicology laboratory report, identified only by a probation officer who did not prepare it, was error. The Court explained that, absent a showing of good cause why the technician who prepared the report was not present, admission of the report violated the defendant's right to confront and cross-examine adverse witnesses. *Wade*, 863 S.W.2d at 407. The Court also found that the lab report alone, without evidence of its reliability, was insufficient to justify a revocation of the defendant's probation. *Id.* at 409–410.

■ Although the laboratory report itself was not introduced into evidence in the instant case, the facts of the case are analogous to the facts in *Wade*. There was no showing of good cause why the lab technician was not available for cross-examination, nor was there any evidence concerning the reliability of the test. Accordingly, we conclude that the trial court erred in admitting testimony concerning the laboratory report.

The state also presented the testimony of Tommy Workman, an investigator for the District Attorney General's office. The appellant was arrested on new charges of rape and incest in 1994. During the course of the investigation, Workman interviewed the appellant. After waiving his *Miranda* rights, the appellant gave a statement in which he admitted having sex with his sixteen (16) year old half sister. Workman read the appellant's statement into the record.

■ At the close of the state's proof, the appellant objected to the introduction of the confession. The appellant asserted that there was no proof that the alleged offense occurred in Lawrence County and no proof that the offense occurred while the appellant was on probation. The trial court correctly found that the first objection was without merit. Because one of the conditions of the appellant's probation is that he obey the laws of the United States, the county in which the new offenses allegedly occurred is irrelevant. Appellant now presents only the second issue for our review.

■ After the appellant's objection, the trial court allowed the state to reopen its proof. The state recalled Tommy Workman, and Workman testified that the date of the alleged offense was May 10, 1994. The appellant objected to the date as hearsay, citing confrontation clause and due process grounds. The trial court properly found that Workman's testimony was not hearsay, because the defense failed to establish that the date in question came from an out-of-court statement. *See* T.R.E. 801(c).

■ In his brief, the appellant submits that his confession should not have been admitted without corroborating evidence that

a crime had been committed. The appellant did not raise this objection at his probation revocation hearing. By failing to present his argument to the trial court, the appellant has waived the issue. T.R.A.P. 36(a).

The trial court found that there was sufficient evidence to conclude that the appellant had violated his probation. Tennessee Code Annotated Section 40–35–311(d) (1990) vests the trial judge with authority to revoke probation if a preponderance of the evidence establishes that a defendant violated the conditions of his probation. The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn.Crim. App.1991). For an appellate court to find an abuse of discretion and reverse a trial court's revocation of probation, it must be demonstrated that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Delp*, 614 S.W.2d 395, 398 (Tenn.Crim.App.1980).

The evidence is sufficient to support the trial court's conclusion that the appellant violated his probation by committing a criminal offense. The appellant confessed to rape and incest. There is uncontradicted testimony in the record that the offense occurred while the appellant was on probation. While we conclude, consistent with the decision of our Tennessee Supreme Court in *State v. Wade*, 863 S.W.2d 406 (Tenn.1993), that the trial court erred in admitting testimony concerning the laboratory test results, that error was harmless. T.R.A.P. 36(b). The judgment of the trial court is therefore:

**AFFIRMED.**

TIPTON and BARKER, JJ., concur.