IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 4, 2003

**STATE OF TENNESSEE v. JAMES CRAVENS**

**Direct Appeal from the Criminal Court for Putnam County**
**No. 01-0568      Lillie Ann Sells, Judge**

---

**No. M2002-01216-CCA-R3-CD - Filed October 2, 2003**

---

The Putnam County trial court revoked the probation of the defendant, James Cravens, and ordered him to serve his original sentence of eleven months and twenty-nine days in confinement. On appeal, the defendant contends: (1) the evidence was insufficient to support the trial court's probation revocation order; (2) his sentence is excessive; and (3) the trial court erred in placing certain conditions on his bond pending appeal. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

David N. Brady, District Public Defender (at hearing and on appeal); and John B. Nisbet, III, Assistant District Public Defender (on appeal), for the appellant, James Cravens.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; William Edward Gibson, District Attorney General; and Benjamin W. Fann, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On December 21, 2001, the defendant entered guilty pleas to simple possession of methamphetamine and possession of drug paraphernalia, Class A misdemeanors. See Tenn. Code Ann. §§ 39-17-418(c) (simple possession), -425(a) (drug paraphernalia). The defendant received an effective sentence of eleven months and twenty-nine days to be served on probation. On May 13, 2002, a probation revocation hearing was held, during which the trial court revoked the defendant's probation and ordered him to serve his original sentence in confinement. This appeal ensued.

## I.  PROBATION REVOCATION HEARING

Michael Wright, the defendant's probation officer, testified he filed a probation revocation complaint after the defendant admitted that he smoked marijuana on February 14, 2002.  Wright stated the defendant had otherwise complied with the terms of his probation.

Wright testified the defendant had also been placed on probation due to an unrelated conviction in Cumberland County.  The defendant's probation was revoked in Cumberland County, and he was sentenced to ten days incarceration and community service.

The trial court found the defendant was required to refrain from using illegal drugs as a condition of his probation.  The court further found the state established by a preponderance of the evidence that the defendant violated his probation by using illegal drugs.

The trial court noted the seriousness of the defendant's convictions and characterized methamphetamine as "one of the worst drugs there could possibly be."  The court further noted the defendant was also on probation for another conviction in Cumberland County.  It determined the defendant did not take the terms of his probation seriously.  The trial court ordered the defendant to serve his original eleven-month, twenty-nine-day sentence with credit for time served.

## II. PROBATION REVOCATION

The defendant contends the evidence was insufficient to support the trial court's order revoking his probation.  We disagree.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311.  The decision to revoke probation rests within the sound discretion of the trial court.  State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard.  State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

The defendant maintains the evidence was insufficient to support revocation of his probation because the state failed to present corroborating evidence to support his confession. The defendant did not raise this issue in the trial court.  The uncontradicted testimony presented at the hearing was that the defendant admitted smoking marijuana and that the offense occurred while he was on probation.  We conclude this evidence is sufficient to support the trial court's conclusion that the defendant violated his probation by consuming illegal drugs.  See State v. Gabel, 914 S.W.2d 562, 564 (Tenn. Crim. App. 1995).

The defendant argues that in commenting on the seriousness of methamphetamine and his conviction in Cumberland County, the trial court "acted as an investigator and prosecutor to build up a case against [him]."  We discern no basis for such an allegation.  Furthermore, the trial court's

comments regarding the defendant's conviction in Cumberland County were adequately supported by the proof presented at the hearing.  Accordingly, this argument is without merit.

### III.  SENTENCING

The defendant contends the trial court erred in ordering him to serve his original sentence. We disagree.

Upon a finding that a defendant has violated the terms of his or her probation, a trial court may order the defendant serve the balance of the original sentence in confinement.  See Tenn. Code Ann. §§ 40-35-310, -311(d); State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999).  Furthermore, a defendant who is already on probation is not entitled to an additional grant of probation or some other form of alternative sentencing. State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 Tenn. Crim. App. LEXIS 115, at *4 (Tenn. Crim. App. Feb. 10, 1999, at Nashville), perm. app. denied (Tenn. 1999).

Upon revoking the defendant's probation, the trial court had the authority to order him to serve his original sentence.  Therefore, we conclude the trial court did not abuse its discretion in ordering the defendant to serve his original sentence in confinement.

### IV.  BOND PENDING APPEAL

On May 17, 2002, the defendant filed a notice of appeal and a motion for bond pending appeal. On June 20, 2002, the trial court entered an order for bond pending appeal setting the appeal bond at $1,500.  In the order, the court noted that "as a condition of said bond that the defendant be required to report monthly to Michael Wright of P.S.I., pending the disposition of the appeal and that as a further condition of the bond that he shall not otherwise violate the law pending the outcome of his appeal."

The defendant contends the trial court was without jurisdiction to place conditions on his bond pending disposition of appeal because his misdemeanor sentence was stayed once he filed a notice of appeal.  He further maintains the trial court was not authorized to require him to report to a probation officer as a condition of bond pending appeal.  However, this issue is moot.  This issue should have been presented to this court by motion.  See Tenn. R. App. P. 8(a).

Nevertheless, the defendant's reliance upon State v. Lyons, 29 S.W.3d 48, 50 (Tenn. Crim. App. 1999), is misplaced.  He contends Lyons holds that when a defendant is convicted of a misdemeanor offense and receives probation, the sentence is stayed pending the outcome of the appeal.  As noted by a panel of this court in State v. Sandra Brown, No. M2000-00792-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 759, at *8 (Tenn. Crim. App. Sept. 19, 2001, at Nashville), the holding in Lyons involved a direct appeal of a sentence, not an appeal of a probation revocation order.  Accordingly, the holding in Lyons is inapplicable to the case at bar.

A trial court is authorized to release a defendant on bail pending appellate review of a probation revocation order.  Tenn. R. Crim. P. 32(g).  As a condition of bond, a trial court may

[r]elease the defendant into the care of some qualified person or organization responsible for supervising the defendant and assisting the defendant in appearing in court. Such supervisor shall maintain close contact with the defendant, assist the defendant in making arrangements to appear in court, and, where appropriate, accompany the defendant to court. The supervisor shall not be required to be financially responsible for the defendant, nor to forfeit money in the event the defendant fails to appear in court. <u>The board of probation and parole and its officers are not to be considered an appropriate qualified organization or person under this section.</u>

Tenn. Code Ann. § 40-11-116(b)(1) (Supp. 2001) (emphasis added).

We conclude the trial court had the authority to set bond pending appeal. As to the condition requiring the defendant to meet with the probation officer while on bond, the record is unclear as to whether Michael Wright is an officer for the state board of probation or a probation officer for a private company. Regardless, this issue is moot except as it relates to this court's setting bond in the event of an application for permission to appeal to the Tennessee Supreme Court.[1]

Accordingly, we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

---

[1] We note that in this court's order setting the defendant's bond pending permission to appeal to the Tennessee Supreme Court, we have removed the condition requiring the defendant to meet with the probation officer.