IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 25, 2006

**STATE OF TENNESSEE v. JERRY N. ELDRIDGE**

**Direct Appeal from the Circuit Court for Stewart County**
**No. 4-1162-CR-99     Robert Burch, Judge**

---

**No. M2004-01080-CCA-R3-CD - Filed February 16, 2006**

---

Following a revocation hearing, the trial court revoked the probation of Defendant, Jerry Eldridge, and ordered him to serve the remainder of his sentence in confinement.  In his appeal, Defendant argues that his trial counsel rendered ineffective assistance during the revocation hearing, and that the trial court erred in finding that he had violated the terms of his probation. After a review of this matter, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Todd Hansrote, Clarksville, Tennessee, for the appellant, Jerry N. Eldridge.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General, and Carey J. Thompson, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

**I.  Background**

Defendant was indicted in March 1999, of one count of burglary other than a habitation and one count of theft of property valued over $1,000 but less than $10,000, both Class D felonies.  On March 22, 1999, Defendant entered a plea of guilty to the burglary charge and was sentenced to four years, all of which was suspended, and Defendant placed on probation.  As part of the plea agreement, an order of nolle prosequi was entered as to the theft charge.  The terms of Defendant's probation agreement, among other conditions, required him to report to his probation officer, to obey the laws and report any arrests, and to refrain from illegally possessing or using drugs or marijuana.

Defendant was immediately released to Calloway County, Kentucky officials on a detainer warrant to begin serving a sentence for a prior conviction in that state. Defendant was released from the Calloway County jail on March 27, 2000, and arrested approximately two weeks later in that county on a burglary charge. On April 18, 2000, Defendant entered a plea of guilty to criminal trespass. On November 27, 2000, Defendant was arrested in Marshall County, Kentucky, for driving under the influence, driving on a suspended license, possession of prescription drugs in an improperly marked container, illegal possession of the legend drugs Phenegren and Zantac, possession of marijuana, possession of drug paraphernalia, and receiving stolen property. On June 13, 2001, Defendant was arrested and charged with escape from jail.

A probation violation report was filed in the case *sub judice* on July 18, 2001, alleging that Defendant had violated the terms of his probation because he failed (1) to report his arrests and convictions in Kentucky; (2) to report to his probation officer as required; (3) to pay court costs; and (4) to provide a DNA sample.

At the probation revocation hearing, Bill Parsons, Defendant's probation officer, testified that he commenced supervising Defendant on March 22, 1999. Mr. Parsons met with Defendant on the day of his guilty plea submission hearing, reviewed the terms of Defendant's probation with him, and told Defendant to contact him as soon as he was released from confinement in Calloway County, Kentucky. Mr. Parsons said that his records indicated that Defendant was released on March 27, 2000, but Defendant did not report to Mr. Parsons. Mr. Parsons estimated that between his guilty plea in March 1999 to the revocation hearing in March 2004, Defendant had spent approximately forty months, off and on, incarcerated in Kentucky. This resulted in approximately twenty months that Defendant was not incarcerated. Mr. Parsons stated that it was his understanding that Defendant had finished serving all of his sentences stemming from his arrests in Kentucky. Mr. Parsons also acknowledged that Defendant had paid his court costs since the filing of the report of probation violation.

On cross-examination, Mr. Parsons said that he did not personally meet with Defendant after March 22, 1999, although he acknowledged that Defendant called him from the Calloway County jail several times. Mr. Parsons said that he verified monthly that Defendant was incarcerated in Kentucky, but he did not have any contact with Defendant during those periods when he was not confined.

Defendant testified that Mr. Parsons accurately summarized his Kentucky convictions and periods of incarceration. Defendant said, however, that he was not convicted of all of the charges stemming from his November 27, 2000, arrest in Marshall County, Kentucky. Defendant said that he was convicted of escaping from jail because he did not return from work release one day.

Defendant said that he knew he was supposed to report to Mr. Parsons when he was released from confinement in Kentucky, but he was depressed over his divorce. When he finished serving his last sentence in Kentucky, Defendant said that he called Mr. Parsons and told him that he "was

headed back here." Defendant acknowledged that he and counsel had discussed the community corrections program.

The trial court found Defendant in violation of the terms of his probation agreement because he failed to report to his probation officer during the periods he was not incarcerated in Kentucky, and because he was convicted of additional criminal offenses in Kentucky while on probation in Tennessee. The trial court ordered Defendant to serve his original four-year sentence for burglary in confinement.

## II. Standard of Review

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). The trial court retains the discretionary authority to order the defendant to serve his or her original sentence in confinement. *See State v. Hunter*, 1 S.W.3d 643, 646 (Tenn. 1999).

## III. Grounds for Revocation

Defendant contends that he did not violate the terms of his probation agreement. He appears to argue that the trial court erroneously based its revocation on Defendant's conviction in Kentucky which occurred prior to the Tennessee offense which was the subject of his plea agreement. The trial court, however, revoked Defendant's probation upon a finding that he did not report to his probation officer after he was released from confinement in Kentucky, and because he was convicted of other criminal offenses in Kentucky after he was placed on probation in Tennessee. Defendant admitted that he did not report to his probation officer as required and that he committed the other offenses. These violations are sufficient to support the trial court's revocation. *See State v. Gabel*, 914 S.W.2d 562, 564 (Tenn. Crim. App. 1995) (The commission of a crime while on probation constitutes substantial evidence that a violation of probation has occurred.) Defendant is not entitled to relief on this issue.

## IV. Ineffective Assistance of Counsel

Defendant argues that he received ineffective assistance of counsel during the revocation hearing because his counsel failed to advise Defendant that he had the right to introduce evidence

in his behalf, and because counsel failed to investigate any mitigating circumstances. Defendant also argues generally that his due process rights were violated because of the ineffectiveness of counsel.

Relying on Rule 36(a) of the Tennessee Rules of Appellate Procedure, the State argues that Defendant has waived any issue of ineffectiveness of counsel at the revocation hearing essentially because he failed to object to his counsel's performance during the hearing. Rule 36(a) provides that relief shall not be granted on appeal "to a party responsible for an error or who failed to take whatever action was reasonable available to prevent or nullify the harmful effect of an error." A question of waiver may arise in a number of situations. *See State v. Walker*, 910 S.W.2d 381, 386 (Tenn. 1995) (Issue waived when the defendant failed to object to the admission of certain evidence at trial or raise the issue in his motion for new trial); *State v. Smith*, 42 S.W.3d 101, 112-13 (Tenn. Crim. App. 2000) (Issue concerning prosecutorial misconduct waived when the defendant made no contemporaneous objection to the prosecutor's comments during closing argument). In the context of a revocation hearing, issues concerning the introduction of a particular piece of evidence supporting revocation may result in waiver if no contemporaneous objection is entered to at the time the evidence is introduced. *State v. Jason Allen Mobley*, No. W2001-02022-CCA-R3-CD, 2002 WL 31624732, * 2 (Tenn. Crim. App., at Jackson, Nov. 15, 2002), *perm. app. denied* (Tenn. Mar. 10, 2003); *see also State v. Kendrick D. Hutton*, No. M2004-00586-CCA-R3-CD, 2005 WL 1931405, *1 (Tenn. Crim. App., at Nashville, Aug. 11, 2005), *no perm. app. filed* (The defendant waves any objection to the judge presiding at his revocation hearing if he fails to enter a contemporaneous objection).

However, while the underlying issue may be waived, we cannot conclude that allegations of ineffective assistance of counsel based on counsel's failure to raise such issues at the revocation hearing are waived. As we have previously concluded in the post-conviction forum, if a petitioner's allegations of ineffective assistance are taken as true, "the failure to raise any potential ground for relief is attributable to counsel's incompetence, not the petitioner's waiver." *Kendricks v. State*, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999). Thus, we will address the merits of Defendant's ineffective assistance of counsel allegations.

Although the right to counsel is guaranteed in criminal cases, the right to counsel at a revocation hearing is not constitutionally guaranteed. *Gagnon v. Scarpelli*, 411 U.S. 778, 789-90, 93 S. Ct. 1756, 1763, 36 L. Ed. 2d 656 (1973); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *Young v. State*, 539 S.W.2d 850, 854 (Tenn. Crim. App. 1976). However, a defendant is entitled to the "minimum requirements of due process" at a revocation hearing which frequently cannot be guaranteed without the appointment of counsel. *Gagnon*, 411 U.S. at 790, 93 S. Ct. at 1764. These rights include: (1) written notice of the claimed violations of probation; (2) disclosure to the defendant of the evidence against him; (3) the opportunity to be heard in person and present witnesses and documentary evidence; (4) a conditional right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact-finders as to the evidence relied upon and reasons for revoking probation. *Id.* The effectiveness of counsel at a revocation hearing does not raise a constitutional issues unless counsel's performance was so defective that one of the defendant's due process rights was violated. *State v. Richard Lee Kiser*,

-4-

No. 01C01-0503-CC-00071, 1995 WL 715510, at *3 (Tenn. Crim. App., at Nashville, Dec. 6, 1995), *no perm. app. filed*; *see also State v. David W. Sonnemaker*, No. E2003-01402-CCA-R3-CD, 2004 WL 483239, at *3 (Tenn. Crim. App., at Knoxville, March 12, 2004), *perm. app. denied* (Tenn. Oct. 11, 2004); *State v. Larry Ammons*, No. W2001-00834-CCA-R3-CD, 2002 WL 1482675 (Tenn. Crim. App., at Jackson, Mar. 18, 2002*), perm. app. denied* (Tenn., Sept. 23, 2002).

The purpose of a revocation hearing is to determine whether there is probable cause to believe that the defendant has violated a condition of his or her probation. *See Morrisey v. Brewer*, 408 U.S. 471, 486-87, 92 S. Ct. 2593, 2602, 33 L. Ed. 2d 484 (Tenn. 1972). If the defendant admits that he violated his probation, and the violation is a reasonable ground for revoking probation, then "that would end the matter . . . [and] dispose of the due process claims." *Id*. at 490, 92 S. Ct. at 2605.

Defendant admitted during his testimony at the revocation hearing that he did not report to his probation officer as required by the terms of his probation agreement, and that he was convicted of additional criminal acts in Kentucky after he was placed on probation in Tennessee. Thus, "no disputed facts or contested issues remained to be resolved through additional witnesses," and Defendant has failed to show how any other action on the part of counsel would have affected the outcome of the revocation hearing. *See State v. Jaquece Fitzgerald*, No. M2004-02441-CCA-R3-CD, 2005 WL 1353303, at *3 (Tenn. Crim. App., at Nashville, June 8, 2005), *no perm app. filed*.

We note that the majority of Defendant's allegations of ineffective assistance of counsel relate to the trial court's exercise of its discretion in ordering Defendant to serve his sentence in confinement rather than some form of alternative sentencing, and not the revocation itself. That is, Defendant argues that his counsel's assistance was deficient because he failed to present any mitigating evidence which would support a sentence of community corrections rather than a sentence of confinement.

This Court is not a fact-finding body authorized to conduct hearings and determine disputed issues of fact. Tenn. Code Ann. § 16-5-108(a); *State v. Williams*, 52 S.W.3d 109, 121 (Tenn. Crim. App. 2001). Issues of ineffective assistance of counsel, such as those raised by Defendant, are generally reserved for the post-conviction forum because they demand a "significant . . . amount of development and factfinding." *Kendricks*, 13 S.W.3d at 405. An order revoking probation, however, does not impose a new sentence that may be challenged under the Post-Conviction Procedure Act; it merely ends the probation term. *See Young v. State*, 101 S.W.3d 430, 432-33 (Tenn. Crim. App. 2002).

Based on our review, Defendant was afforded his constitutionally guaranteed right of due process during the revocation of his probation. Thus, counsel's conduct during the hearing does not present a constitutional issue. The trial court had the discretion to order Defendant to serve his original sentence in confinement. *See Hunter*, 1 S.W.3d at 647. Defendant acknowledged that he continued to commit criminal offenses while on probation in Tennessee, one of which was similar to his Tennessee conviction which lead to his probation. In addition, Defendant admitted that he

violated the terms of his work release program in Calloway County, Kentucky, by failing to return to the jail as required which reflects negatively on his amenability to rehabilitation. Based on our review of the record, the trial court did not abuse its discretion in ordering Defendant to serve his sentence in confinement.

Accordingly, we conclude that Defendant was afforded his due process rights during the revocation hearing, that the trial court did not err in revoking Defendant's probation, and that the trial court did not abuse its discretion in ordering Defendant to serve his sentence in confinement.

## CONCLUSION

After a thorough review, we affirm the judgment of the trial court.

_____

THOMAS T. WOODALL, JUDGE