# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 8, 2013

## STATE OF TENNESSEE v. JOSEPH W. JONES

**Appeal from the Circuit Court for Clay County**
**No. 2010-CR-58     David A. Patterson, Judge**

---

**No. M2013-00924-CCA-R3-CD     Filed October 14, 2013**

---

Appellant, Joseph W. Jones, pleaded guilty to sale of a Schedule II controlled substance and received a three-year sentence, suspended to probation. A violation of probation warrant was subsequently filed, alleging that he had violated a condition of his probation by testing positive for methamphetamine on a drug screen. The trial court revoked his probation, and this appeal follows. Appellant now alleges that the trial court erred in admitting the laboratory report of his drug test without the proper chain of custody and that the trial court should have extended his probation rather than ordering execution of his sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which J. CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

David Neal Brady, District Public Defender; and Allison R. West, Assistant District Public Defender, Cookeville, Tennessee, for the appellant, Joseph W. Jones.

Robert E. Cooper, Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Randall A. York, District Attorney General; and Mark Gore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts and Procedural History

Appellant entered a guilty plea to sale of morphine, a Schedule II controlled substance, on September 20, 2011, and received a three-year suspended sentence.[1] A violation of probation warrant was filed on December 17, 2012, alleging that appellant had been arrested and charged with domestic assault and that he had tested positive for and admitted use of methamphetamine. The trial court held a hearing on the probation violation on March 4, 2013.

At the hearing, the State presented probation officer Tiffany Lawson as its only witness. Ms. Lawson testified that she began supervising appellant's probation in September 2011. As conditions of his probation, appellant was required to complete an alcohol and drug assessment, perform 100 hours of community service, and pay restitution and a fine. She reviewed the additional terms of probation with appellant. Subsequently, a fellow probation officer filed a violation of probation warrant alleging that appellant violated the terms of his probation by garnering a new criminal charge of domestic violence and by testing positive on a drug screen. The domestic assault charge had been dismissed at the time of the probation revocation hearing.

Ms. Lawson testified that appellant submitted to a drug screen on November 15, 2012, and that it was positive for methamphetamine. She questioned appellant about the results of the drug screen, and he admitted to having used methamphetamine "a couple of days prior" to the drug screen. Ms. Lawson identified the toxicology report she received from the laboratory that performed the test. The report was introduced into evidence without objection.

On cross-examination, Ms. Lawson acknowledged that appellant had not previously violated the terms of his probation in this case. She stated that after the domestic assault charge was dismissed, the only remaining basis for revoking appellant's probation was the positive drug screen. She recalled that appellant had submitted to two previous drug screens, one of which was negative and one of which was positive. She was unaware of whether

---

[1] In the trial court's ruling, it noted that appellant pleaded guilty and received concurrent sentences on two separate cases, the instant case, number 10-CR-58, sale of a Schedule II controlled substance, offense date of February 10, 2010; and case number 10-CR-78, possession of a Schedule II controlled substance, offense date of November 16, 2007. However, the record does not contain a judgment form for case number 10-CR-78, and the appellate record contains no reference to that case number. Thus, this appeal is limited to a review of the revocation of appellant's probation in case number 10-CR-58 only.

appellant had completed his alcohol and drug assessment or whether he had undergone outpatient treatment. Prior to being incarcerated, appellant reported to the probation office as instructed and made timely payments toward his court costs. Ms. Lawson admitted that had appellant tested positive for methamphetamine previously, she would have filed a violation. She "most likely" would have filed a violation for a positive test for other substances, as well. She did not have information in her file regarding appellant's previous drug screens.

Appellant testified on his own behalf. He stated that he always reported to the probation office as instructed and that he had not been charged with any other probation violations in this case. He confirmed that the domestic assault charge had been dismissed and that he admitted his methamphetamine use to Ms. Lawson. He denied having a prior positive drug screen. Appellant stated that he needed some type of drug treatment. He previously participated in a drug program but reverted to using drugs again.

On cross-examination, appellant clarified that approximately six years had passed since he participated in outpatient drug classes in Livingston. He enrolled in the program as a condition of probation in an unrelated drug case. Appellant had also been convicted of aggravated burglary and completed another drug program as part of his probation in that case. The State questioned appellant about any additional conditions that may have been imposed as a result of his two violations of probation in the aggravated burglary case, but appellant did not recall the outcomes. Appellant also admitted having been convicted of "initiation of methamphetamine." The State further questioned appellant about his being the subject of an investigation for promotion of methamphetamine that could result in the filing of additional charges against him.

Regarding whether appellant's probation should be revoked, the trial court stated:

> [The laboratory report of appellant's positive drug screen] is accepted by the court[,] and it is introduced without objection[,] and it shows that the defendant was positive for methamphetamine . . . . [H]e has admitted to his probation officer that he was using methamphetamine[,] . . . and the court accepts that and understands that and takes into consideration that he has been honest about his methamphetamine use.

Accordingly, the trial court revoked appellant's probation.

In ruling on the disposition of appellant's revocation, the trial court noted that the State had provided information with regard to prior criminal offenses, including aggravated

burglary and initiation of the manufacture of methamphetamine, for which appellant had received suspended sentences. It further stated:

> I don't know that there's any way that we're not going to see you back here again if you continue to use methamphetamine and if you continue to do the type of behaviors that bring you back . . . But I don't have any choice. The best indicator of future behavior is past behavior. [Your] [p]ast behavior is ridiculously bad[,] and you come back as a probation violation on a simple three[-]year sentence for using methamphetamine, a clear indication you've got some problems. The court doesn't have any question about that . . . .

As such, the trial court ordered execution of appellant's three-year sentence.

## II. Analysis

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn .Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

### A. Revocation of Appellant's Probation

Through Ms. Lawson, the State introduced a copy of the toxicology report completed by the laboratory that processed appellant's drug screen, which was positive for

methamphetamine. In addition, appellant admitted using the drug prior to the drug screen. His admission of drug use and the positive drug test were sufficient to establish by a preponderance of the evidence that he violated one of the terms of his probation. *See, e.g., Pamela J. Booker*, 2012 WL 6632817, at *2 (noting that "admission of drug use and the positive drug test provided sufficient proof to establish by a preponderance of the evidence that [appellant] violated a term of probation").

Appellant now argues that the positive drug screen should not have been considered by the trial court because the State failed to establish the chain of custody of the specimen. This argument fails for several reasons. First, appellant did not raise this issue in the trial court. In fact, the report was introduced into evidence without objection. Appellant is bound by the ground he asserted in the trial court. *See State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). He cannot assert a novel theory on appeal. *Id.* at 635.

Second, the computer-generated report from the laboratory confirms that the sample was received from Ms. Lawson and states the date it was received. The accompanying affidavit contains the following information: (1) the identity of the person who performed the test; (2) the qualifications of the person who conducted the test; (3) a statement of hardship regarding a physical court appearance; (4) a statement of compliance with standard operating procedures; (5) a statement that testing personnel meet all State and Federal requirements for qualifications and licensure; (6) identifying information such as the patient identification number and laboratory number; (7) explanation of the testing methods utilized; (8) certification that the testing was performed under "chain of custody protocols"; and (9) a statement that the records are maintained at MEDTOX Laboratories, Inc., in accordance with standard business practices. These factors are substantially similar to those found acceptable by this court in *Gregory*, 946 S.W.2d at 832 (finding that "the state established good cause for not securing the presence of the out-of-state technician and further established the reliability of the laboratory report through the affidavit of the certifying scientist"). Considering the possibility that cost might be an appropriate factor in establishing good cause for not requiring a technician's personal appearance, this court in *State v. Ricker*, 875 S.W.2d 687 (Tenn. Crim. App. 1994), quoted the United States Supreme Court as follows:

> An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses. Petitioner's greatest concern is with the difficulty and expense of procuring witnesses from perhaps thousands of miles away. While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in *Morrissey* [*v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)] intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence.

*Id.* at 688-89 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 783 n.5 (1973)).

Third and finally, appellant's argument regarding chain of custody ignores his admission in court that he had, in fact, used methamphetamine while on probation, rendering any potential error in the admission of the laboratory report harmless. For these reasons, the trial court did not abuse its discretion in revoking appellant's probation, and he is not entitled to relief.

## B. Disposition of Appellant's Sentence

Appellant asserts that the trial court's ordering execution of his three-year sentence was "too harsh," given that this was his first violation of probation in this case. Having concluded that the trial court's revocation of appellant's probation was a proper exercise of discretion, we must now consider the trial court's disposition of the matter. "The determination of the proper consequence of the . . . violation embodies a separate exercise of discretion." *State v. Darius J. Hunt*, No. E2011-01238-CCA-R3-CD, 2012 WL 952265, at *2 (Tenn. Crim. App. Mar. 20, 2012) (citing *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007)).

The evidence conclusively established that appellant violated one of the conditions of probation by using illegal drugs. In addition, the State questioned appellant with regard to his attempts to succeed on probation in association with his convictions for initiation of the manufacture of methamphetamine, aggravated burglary, and possession of a controlled substance, to which appellant admitted two prior violations of conditions of probation. Appellant has enjoyed several previous suspended sentences but has had multiple violations of probation. "Although [he] testified that [he] would like to participate in a drug rehabilitation program, [his] prior history of violations does not support a further reprieve from incarceration. The trial court did not abuse its discretion in ordering [him] to serve [his] sentences." *Pamela J. Booker*, 2012 WL 6632817, at *2. Appellant is not entitled to relief.

## CONCLUSION

Based on the record as a whole, the briefs of the parties, and controlling case law, we affirm the judgment of the trial court.

_____
ROGER A PAGE, JUDGE