IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2016 Session

**CHARLES EDGAR LEDFORD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Monroe County
No. 14-332   Sandra Donaghy, Judge**

_____

**No. E2016-00208-CCA-R3-PC**

_____

Petitioner, Charles Edgar Ledford, appeals the denial of his petition for post-conviction relief, claiming that his guilty pleas for various child sex offenses were involuntary and unintelligent as a result of the ineffective assistance of trial counsel. Defendant also claims that trial counsel provided ineffective assistance at his sentencing hearing. Additionally, Petitioner argues that the post-conviction court erred by precluding evidence on an issue it deemed previously determined and that he is entitled to a new evidentiary hearing because post-conviction counsel failed to comply with Tennessee Supreme Court Rule 28.   After reviewing the record, we affirm the post-conviction court's denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Megan A. Swain (on appeal), Knoxville, Tennessee, and Jeffrey Miller (at evidentiary hearing), Cleveland, Tennessee, for the appellant, Charles Edgar Ledford.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Stephen D. Crump, District Attorney General; and Paul D. Rush, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History and Factual Summary*

Nearly four and a half years ago, Petitioner was convicted of a number of sexual crimes committed against children, one as young as eighteen months old, during a period from 1993 through 2002. These crimes were preserved on video by Petitioner, which were discovered inside his house by government officials during the enforcement of a valid condemnation order. The trial court denied a motion to suppress evidence obtained from the search of Petitioner's home. Petitioner then pled guilty to two counts of sexual exploitation of a minor, a Class D felony; one count of child neglect, a Class E felony; two counts of aggravated sexual battery, a Class B felony; and two counts of rape of a child, a Class A felony. Petitioner received an effective sentence of fifty-six years and appealed three certified questions of law regarding the search of his house and the search of materials found therein. On appeal, this Court determined that the search of the house was lawful because Petitioner had abandoned the property and, therefore, relinquished a reasonable expectation of privacy in the house's contents. *See generally State v. Ledford*, 438 S.W.3d 543 (Tenn. Crim. App. 2014).

Petitioner timely filed a pro se petition for post-conviction relief, alleging among other things that his house was illegally searched, that his guilty plea was unknowing and involuntary due to the ineffective assistance of trial counsel, and that trial counsel provided ineffective assistance at the sentencing hearing. The post-conviction court appointed counsel and eventually entered a scheduling order requiring Petitioner to file an amended petition or a notice that no such petition would be filed. Petitioner did neither. The State filed a response and a motion to dismiss the petition.

At the December 8, 2015 evidentiary hearing, Petitioner testified that he wanted to take his case to trial and did not want to plead guilty. Maintaining that he wanted to enter a plea of not guilty, Petitioner explained:

> I remember that [trial counsel] really wanted me to plead. He was really talking me into it. He was really trying hard to make me do it. He said it was the best thing and I'd get less time. He knew that I wanted to go to trial, but he forced me into doing it.

Petitioner claimed that trial counsel would not discuss the case with Petitioner. Trial counsel only visited Petitioner "maybe once" to discuss the case, but Petitioner could not remember if they ever met at the courthouse. Petitioner also claimed that trial counsel never explained what kind of sentencing exposure there would be with a trial compared to with a guilty plea. Trial counsel also did not explain the difference between concurrent and consecutive sentencing.

Additionally, Petitioner testified that trial counsel "would look at [Petitioner] with hatred." Petitioner felt that trial counsel was "biased" and "disgusted" by Petitioner's charges. Trial counsel told Petitioner that, "if anybody knew anything about the case, they would hate [Petitioner]," which Petitioner understood to mean that trial counsel "didn't want to go to trial because he hated [Petitioner]." Petitioner believed that trial counsel wanted Petitioner to go to jail because he was "an evil monster." Petitioner asserted that he "needed somebody that had a little bit of compassion or gave a care for somebody with a certain kind of charge."

Petitioner testified that he "had a lot of mental blackouts for a long time, before court," which caused him to forget things. At the time of the evidentiary hearing, he was taking medication which helped him refrain from shaking. Petitioner claimed that he was not taking his prescribed medication when he entered his plea.

Petitioner further testified that, on the day of his sentencing hearing, he was feeling very depressed. He told his cell mates and obtained a razor, which he used to cut both of his arms. Petitioner was unable to remove the guard from the razor, so the cuts were only superficial and did not require significant medical attention. The trial court was informed that Petitioner had cut himself. Upon hearing of the incident, the trial court allegedly giggled and derided Petitioner in open court.

The State called trial counsel, who testified that Petitioner's case was "very, very serious." Trial counsel received discovery from the State and provided all of it to Petitioner with the exception of the videos depicting the sexual offenses. Trial counsel, however, viewed the videos and discussed them with Petitioner. In trial counsel's opinion, what was depicted on the videos was "clear and unequivocal."

Trial counsel testified that after discussions with the State, Petitioner's best offer was an open plea with certified questions of law and the State agreeing not to refer the case for federal prosecution, a prospect which trial counsel considered "a very real risk" for Petitioner based on the evidence. Trial counsel explained that, had Petitioner faced federal charges, a challenge to the search of Petitioner's home would not have been viable because the federal standard for evaluating the legality of the search is less demanding than the standard applicable in Tennessee. Trial counsel explained:

> So, had we not preserved the certified questions and had an agreement not to seek federal prosecution, had the U.S. Attorney's Office s[ought] federal prosecution, they could have given him as much time, if not way more time in federal prison, and we would have had no defense at all, no legal, real defense, because that issue is moot in federal court.

Trial counsel testified that he explained everything to Petitioner regarding the risk of facing federal prosecution as well as the nature of the certified questions of law pertaining to the search of Petitioner's house. Trial counsel informed Petitioner that his potential state sentence would be between fifteen years and ninety-four years, aside from any consecutive sentence he could receive for federal charges. Trial counsel was aware that the trial court had discretion to order consecutive sentences based on the nature of the offenses. Based on his familiarity with the trial judge, trial counsel told Petitioner he would probably receive a mid-range sentence.

Trial counsel discussed mental health with Petitioner. After being arrested, Petitioner was mentally evaluated, and it was determined that Petitioner was competent to stand trial and was legally sane when the crimes were committed. Trial counsel also sought the help of the State to obtain Petitioner's mental health records from "all the times he [was] evaluated at the jail." Based on everything trial counsel learned, he determined that a defense based on Petitioner's mental health was not viable.

Trial counsel did not know how many times he met with Petitioner, but he maintained that they met multiple times at the jail and multiple times in court. On the day of the guilty plea hearing, Petitioner did not appear to be under the influence and did not appear to be "anything less than clear-headed." Trial counsel opined that Petitioner was able to understand what was happening at the guilty plea hearing and at the sentencing hearing.

Trial counsel denied coercing Petitioner into pleading guilty. However, trial counsel acknowledged that he was frank and blunt in his discussions with Petitioner about the likelihood of success in trying the case, including telling him that a jury would be "disgusted" with a plea of not guilty and would consider him a "monster"—an assessment trial counsel felt was strongly supported by the evidence. Trial counsel told Petitioner that he was prepared to take the case to trial, but trial counsel informed Petitioner that doing so was not in his best interest. Despite the repugnant nature of the charges, trial counsel insisted that he maintained his professionalism while representing Petitioner and did his best to defend Petitioner.

After the evidentiary hearing, the post-conviction court made oral findings of fact and conclusions of law and denied relief. Before the post-conviction court entered its written order, post-conviction counsel sent a letter to Petitioner informing him that he would no longer represent Petitioner on appeal. Petitioner filed a pro se notice of appeal and also filed a motion with the post-conviction court seeking appellate counsel. After entering its written order denying post-conviction relief, the court appointed appellate counsel, who then filed an amended notice of appeal.

*Analysis*

On appeal, Petitioner asserts that the post-conviction court erred by denying post-conviction relief. Petitioner argues that he successfully proved that he received ineffective assistance of counsel during his guilty plea hearing and his sentencing hearing. Additionally, Petitioner argues that the post-conviction court erred by concluding that Petitioner's challenge to the legality of the search of his home was previously determined and by subsequently precluding the admission of proof on this issue at the post-conviction hearing. Petitioner further argues that he is entitled to a new evidentiary hearing because post-conviction counsel failed to comply with Tennessee Supreme Court Rule 28, which establishes the obligations of post-conviction counsel.

*A. Standard of Review*

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. In order to prevail in a claim for post-conviction relief, a petitioner must prove his factual allegations by clear and convincing evidence. T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999). On appeal, this Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Henley*, 960 S.W.2d at 579. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Momon*, 18 S.W.3d at 156 (citing *Henley*, 960 S.W.2d at 578). However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

*B. Ineffective Assistance of Trial Counsel*

Petitioner argues that his guilty plea was involuntary and unintelligent due to the ineffective assistance of trial counsel. Specifically, Petitioner asserts that trial counsel coerced him into pleading guilty, failed to adequately discuss the case, and failed to explain the potential sentencing range. Petitioner also argues that he received ineffective assistance of counsel at his sentencing hearing because trial counsel failed to present evidence of Petitioner's mental health issues as a mitigating factor. Additionally, Petitioner maintains that he successfully proved at the evidentiary hearing that he was mentally incompetent at the time of his sentencing hearing. Although not framed as such

on appeal, we think this issue is properly viewed as an additional alleged ground for the ineffective assistance of counsel at sentencing, and we will address it accordingly. The State argues that Petitioner has not shown that he received ineffective assistance of counsel.

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel. In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense. *See Burnett v. State*, 92 S.W.3d 403, 408 (Tenn. 2002). Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley*, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994), even if a different procedure or strategy might have produced a different result. *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the *Strickland* test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting

*Strickland*, 466 U.S. at 694). In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In its order denying relief, the post-conviction court found that Petitioner's testimony was not credible and accredited the testimony of trial counsel instead. Contrary to Petitioner's testimony, trial counsel testified that he visited with Petitioner and discussed the case multiple times. Trial counsel explained the evidence against Petitioner and provided candid advice about his likelihood of success at trial. Trial counsel identified a constitutional challenge to the search of Petitioner's house as Petitioner's best chance for a successful defense, a strategy which trial counsel diligently pursued to our supreme court. Trial counsel also explained to Petitioner the likelihood of success in the event of potential federal charges. Trial counsel informed Petitioner of his minimum and maximum sentencing exposure, including the difference between concurrent and consecutive sentencing. Relying on his personal experience, trial counsel forecasted a mid-range sentence if Petitioner agreed to an open guilty plea, which was consistent with the sentence received. Although trial counsel advised that a trial was not in Petitioner's best interest, trial counsel insisted that he did not force Petitioner to enter a guilty plea and was prepared to try the case if necessary.

Moreover, as noted by the post-conviction court, all of Petitioner's claims about the voluntariness of his guilty plea are belied by the transcript of the guilty plea hearing, in which he was advised of all of his constitutional rights and his sentencing range. The transcript reflects that Petitioner approved of the performance of trial counsel, affirmed that he was clear-minded, and insisted that it was his desire to plead guilty. "A petitioner's testimony at a guilty plea hearing 'constitute[s] a formidable barrier' in any subsequent collateral proceeding because '[s]olemn declarations in open court carry a strong presumption of verity.'" *Bruce S. Rishton v. State*, No. E2010-02050-CCA-R3-PC, 2012 WL 1825704, at *17 (Tenn. Crim. App. May 21, 2012) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)), *perm. app. denied* (Tenn. Aug. 15, 2012). Petitioner has failed to prove that he received the ineffective assistance of counsel thereby rendering his guilty plea involuntary and unintelligent.

Petitioner's claim that he received ineffective assistance of counsel at sentencing likewise fails. Petitioner argues that trial counsel failed to halt the sentencing hearing based on Petitioner's mental incompetence after a pre-hearing suicide attempt and then failed to introduce evidence of Petitioner's history of mental health concerns as a mitigating factor at the hearing. Trial counsel acknowledged that he was aware of some mental health concerns with Petitioner. Trial counsel diligently investigated this issue by seeking mental health records from Petitioner's treatment during incarceration and by arranging for a mental health evaluation of Petitioner. Based on the results of Petitioner's

mental health evaluation and his mental health records, trial counsel concluded that Petitioner's mental health issues did not rise to the level of legal incompetence or insanity. Furthermore, trial counsel asked the trial court to delay the sentencing hearing for additional mental health evaluation after the pre-sentencing incident in which Petitioner cut his arms with a razor. However, after considering the matter, the trial court found that Petitioner was nonetheless competent to proceed with the hearing.

Aside from the incident prior to sentencing, the record is silent as to Petitioner's alleged mental health issues. Petitioner testified about taking medication, but no evidence was offered to establish the nature of Petitioner's mental health issues. Petitioner bears the burden of producing the favorable evidence regarding his mental health that he claims trial counsel was ineffective for failing to present to the trial court. *See Black v. State*, 794 S.W.2d 752, 757-58 (Tenn. Crim. App. 1990). Because Petitioner has not demonstrated that favorable evidence exists that would have proven his incompetency or otherwise affected his sentence, he has failed to prove by clear and convincing evidence that he received ineffective assistance of counsel at his sentencing hearing. Petitioner is not entitled to relief on this issue.

## C. Previously Determined Issues

Petitioner also argues that the post-conviction court erred by precluding Petitioner's attempts to provide factual testimony about the search of his house. When Petitioner broached this issue at the evidentiary hearing, the post-conviction court concluded that this constitutional question was previously determined during the underlying criminal proceeding, during which (1) a suppression hearing was held, (2) three certified questions of law on this issue were appealed to this Court and resolved in favor of the State, and (3) discretionary review of the issue was denied by the supreme court. *See State v. Ledford*, 438 S.W.3d 543 (Tenn. Crim. App. 2014). On appeal, Petitioner argues that he was not re-litigating the previously determined issue but instead attempting to introduce evidence on the issue of trial counsel's ineffective assistance in pursuing the motion to suppress. Petitioner maintains that trial counsel failed to discover and present favorable evidence relevant to the legality of the search of his house.

We agree with Petitioner that a claim of ineffective assistance of trial counsel regarding the investigation of the factual circumstances giving rise to the motion to suppress would have been a proper inquiry for the post-conviction proceedings. However, we agree with the State that Petitioner did not frame the issue in this manner to the post-conviction court. We have carefully reviewed Petitioner's petition for post-conviction relief, which is dozens of pages long, and have determined that it does not allege trial counsel's investigation (or lack thereof) as a basis for the ineffective assistance claim. Petitioner spends several pages denouncing the State's version of events presented during the suppression hearing and makes opposing factual claims about

what transpired. However, a fair reading of the contents of the petition simply does not reveal a challenge to the performance of trial counsel. Even at the evidentiary hearing, when the post-conviction court declined to hear Petitioner's testimony on this issue, Petitioner did not argue that his claim was one of ineffective assistance rather than discontent with the outcome of the original ruling. Consistent with that understanding, Petitioner did not make an offer of proof as to what evidence trial counsel would have discovered through reasonable investigation.

Post-conviction relief is not available for issues that have been previously determined. T.C.A. § 40-30-106(f)(h); *Kendricks v. State*, 13 S.W.3d 401, 405 (Tenn. Crim. App. 1999). In this case, the issue of the constitutionality of the search of Petitioner's house and the contents therein was previously determined in the underlying case. Therefore, the post-conviction court properly declined to accept evidence on the constitutionality of the search of Petitioner's house. Similarly, the post-conviction court did not err by excluding proof to support a ground for ineffective assistance of counsel that was not alleged in the petition for post-conviction relief. *Steven O. Hughes-Mabry v. State*, No. E2015-00398-CCA-R3-PC, 2015 WL 8357062, at *10 (Tenn. Crim. App. Dec. 9, 2015) (citing Tenn. R. Sup. Ct. 28, § 8(D)(4); T.C.A. § 40-30-110(c)), *perm. app. denied* (Tenn. May 6, 2016). Petitioner is not entitled to relief on this issue.

### D. Tennessee Supreme Court Rule 28

Petitioner's last argument is that post-conviction counsel failed to fulfill the obligations set forth in Tennessee Supreme Court Rule 28 in such an egregious manner that remand is warranted. The State disagrees.

Petitioner acknowledges that he does not have a constitutional right to the effective assistance of post-conviction counsel. *Frazier v. State*, 303 S.W.3d 674, 680 (Tenn. 2010). His right to post-conviction counsel is statutory only, pursuant to the Post-Conviction Procedure Act. T.C.A. § 40-30-107(b). The justification for this statutory right "is to afford a petitioner the full and fair consideration of all possible grounds for relief." *Frazier*, 303 S.W.3d at 680. In furtherance of this purpose, our supreme court requires a minimum standard of service for all post-conviction counsel. *Id.*; *see* Tenn. R. Sup. Ct. 28, § 6(C)(2)-(3). However, these rules "do not provide any basis for relief from a conviction or sentence." *Frazier*, 303 S.W.3d at 681. "All that due process requires in the post-conviction setting is that the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" *Stokes v. State*, 146 S.W.3d 56, 61 (2004) (quoting *House v. State*, 911 S.W.2d 705, 711 (Tenn. 1995)). Specifically, a full and fair hearing only requires "the opportunity to present proof and argument on the petition for post-conviction relief." *Id.* at 714.

Petitioner points out that post-conviction counsel did not file an amended petition or a notice that an amended petition would not be filed, contravening both the post-conviction court's scheduling order and Tennessee Supreme Court Rule 28. *See* Tenn. R. Sup. Ct. 28, § 6(C)(2) ("Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed . . . ."). Post-conviction counsel also did not file the certification required by Tennessee Supreme Court Rule 28. *See* Tenn. R. Sup. Ct. 28, § 6(C)(3).[1] Additionally, Petitioner claims that post-conviction counsel did not zealously advocate on Petitioner's behalf as demonstrated by his failure to file an amended petition and by his failure to call trial counsel as a witness at the evidentiary hearing. Petitioner emphasizes that post-conviction counsel was at fault for all of the shortcomings previously identified in this opinion, including failing to allege or make a proffer that trial counsel provided ineffective assistance by failing to properly investigate the suppression issue and failing to present evidence of Petitioner's mental health issues. Lastly, Petitioner claims that post-conviction counsel abandoned him for this appeal.

Without condoning post-conviction counsel's inexplicable failure to comply with important provisions of Tennessee Supreme Court Rule 28, we cannot say that Petitioner is entitled to relief. This Court has repeatedly held that violations of Rule 28 by post-conviction counsel alone do not warrant a second post-conviction hearing. *See, e.g.*, *David Edward Niles v. State*, No. M2014-00147-CCA-R3-PC, 2015 WL 3453946, at *7 (Tenn. Crim. App. June 1, 2015) (citing cases), *perm. app. denied* (Tenn. Sept. 17, 2015). Furthermore, our supreme court has expressly held that an allegation of ineffective assistance of post-conviction counsel "does not establish a legal excuse for failure to raise . . . issues in the initial proceeding." *House*, 911 S.W.2d at 712. Accordingly, we will not permit Petitioner to now add additional grounds to support his claim of ineffective assistance of counsel. Petitioner received a "full and fair hearing" on his petition for post-conviction relief with the assistance of post-conviction counsel—this is all the law requires. Petitioner is not entitled to relief on this issue.

---

[1] The certificate to be filed by post-conviction counsel states:

> I have thoroughly investigated the possible constitutional violations alleged by petitioner, including all those in paragraph 16 of the form petition set forth in Appendix A and any other ground that petitioner may have for relief. I have discussed other possible constitutional grounds with petitioner. I have raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law which petitioner has. I am aware that any ground not raised shall be forever barred by application of Tenn. Code Ann. § 40-30-106(g), and have explained this to petitioner.

Tenn. R. Sup. Ct. 28, app. C.

*Conclusion*

Because Petitioner has failed to prove his claim of ineffective assistance of counsel by clear and convincing evidence, the post-conviction court did not err in denying post-conviction relief. The decision of the post-conviction court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE